**1972 CHEVROLET PICKUP TRUCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–85–068–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Rehearing Denied Sept. 26, 1985.

Molly Meredith, Dallas, for appellant.

Paige E. Jones, Dallas, for appellee.

Before KENNEDY, UTTER and SEERDEN, JJ.

OPINION

KENNEDY, Justice.

This is an appeal from a judgment of forfeiture of a motor vehicle under the provisions of The Texas Controlled Substances Act. We affirm.

This suit was instituted by the State of Texas under the provisions of TEX.REV. CIV.STAT.ANN. art. 4476–15 § 5.03(a)(5) (Vernon Supp.1985) by Original Notice of Seizure and Intention to Forfeit. The parties stipulated that the controlled substance seized from the vehicle that is the subject of this action was marijuana in a quantity of five (5) pounds or less but more than four (4) ounces and that the possession of this amount of marijuana was not an aggravated offense. *See* TEX.REV.CIV. STAT.ANN. art. 4476–15 Sec. 4.051(c) (Vernon Supp.1985).

The undisputed evidence shows that one Luster Johnson was the owner and operator of the motor vehicle, a 1972 chevrolet Pickup Truck, on the date that the above described marijuana was sold and delivered by Luster Johnson to Timothy L. Stoner, an undercover officer with the Dallas Police Department. The Appellant in three points of error complains that the trial court erred in applying the law to the facts of this case. The trial court found that the vehicle was

subject to forfeiture under TEX.REV.CIV. STAT.ANN. art. 4476–15 Section 5.03(a)(5) (Vernon Supp.1985) which, in pertinent part reads:

> Sec. 5.03. (a) The following are subject to forfeiture as authorized by this sub-chapter:
>
> \*   \*   \*   \*   \*   \*
>
> (5) any conveyance, ... including vehicles, ... that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of [marijuana] *provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act or an offense under Section 4.052 of this Act;* (Emphasis Supplied).

Appellant asserts "the owners must be *privy* to an *aggravated offense* for his vehicle to be subjected to forfeiture." While conceding that Luster Johnson was the owner, driver and "deliverer" of the marijuana and therefore privy to the offense, appellant argues that because the offense was not aggravated the vehicle was not subject to forfeiture under Article 4476–15 Section 5.03(a)(5). Appellant further asserts that if the trial court's view of the statute prevails, a defendant charged with misdemeanor possession of marijuana, when the marijuana was found in the party's vehicle, could lose his vehicle under the forfeiture laws of Texas. Appellant asserts that "the legislature intended to punish owners of vehicles used in the transportation, possession, concealment, etc.., of an *aggravated* amount of a controlled substance."

■ We disagree with appellant's view. The plain meaning of the statute up to the word "provided" is that a vehicle used in connection with a controlled substance is subject to forfeiture. The next phrase "provided that no conveyance used by any other person shall be forfeitured ..." clearly means that the vehicle is not subject to forfeiture if the owner was not the driver of the vehicle. The next phase "unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act ..." provides for the case of an owner who lends the vehicle with knowledge that it will be used in connection with an aggravated amount of a controlled substance.

■ A comparison of an earlier case further supports this view. In *Amrani-Khaldi v. State*, 575 S.W.2d 667, 670 (Tex.Civ. App.—Corpus Christi 1978, no writ), a prior version of Section 5.03(a)(5) was held to have a narrow range and to provide forfeiture *"only* where a vehicle was used to transport controlled substances 'for delivery.'" [1] The statute has since been amended to provide for forfeiture if the vehicle "is used or intended for use to transport or *in any manner* facilitate the transportation, sale, receipt, *possession,* concealment, or delivery" of a controlled substance. (Emphasis Supplied) Act of April 11, 1979, 66 leg. ch. 37, § 1 at 59 eff Sept. 1, 1979. It is clear then that the legislature intended an expanded range of the circumstance under which forfeiture was authorized and that range includes the circumstances of this case.

Appellants points of error are overruled.

The judgment of the trial court is AFFIRMED.

---

1. Section 5.03(a)(5) at that time provided in pertinent part:

   "(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport for delivery or in any manner facilitate the trans-portation for delivery of any property described in paragraph (1), (2), or (3) of this subsection ... shall be forfeited under this subchapter ... [provided] *no conveyance shall be subject to forfeiture if the delivery involved is an offer to sell."* (Emphasis supplied).