The STATE of Texas, Appellant,

v.

ONE 1980 PONTIAC, VIN # 2D19SAP21357, and Two Bags of Marihuana, Appellee.

No. 2–84–262–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 30, 1985.

Tim Curry, Crim. Dist. Atty., and Frederick M. Schattman, and Mary Thornton Taylor, Asst. Crim. Dist. Attys., Fort Worth, for appellant.

Johnson, Johnson & Rothfelder and Rick Bowman, Fort Worth, for appellee.

Before BURDOCK, HILL and HOPKINS, JJ.

## OPINION ON MOTION FOR REHEARING

Our original opinion reversed the judgment of the trial court and rendered judgment that the vehicle in question be seized and sold at public auction with the proceeds of sale to be delivered to and disbursed by the District Clerk of Tarrant County, Texas, pursuant to Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.08(b)(1) and (2) (Vernon Supp. 1985). Appellee's motion for rehearing alleges four points of error all of which are overruled and the motion is denied.

The State has filed a motion for rehearing and motion to modify judgment requesting that title to the vehicle be ordered vested in the City of Fort Worth, Texas, pursuant to the provisions of sec. 5.08(c) of art. 4476–15.

The State's motion is granted. The original opinion and judgment are withdrawn and the following opinion is substituted therefor.

HOPKINS, Justice.

This is an appeal by the State from a judgment denying forfeiture of a 1980 Pontiac automobile, VIN # 2D19SAP21357, under TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(a)(5) and sec. 5.07(d) (Vernon Supp.1985), The Texas Controlled Substances Act.

We reverse the judgment below and render judgment ordering forfeiture of the vehicle.

In its sole point of error, the State contends that the evidence establishes conclusively, or as a matter of law, that the vehicle was subject to forfeiture under art. 4476–15, sec. 5.03(a)(5) and that the trial court erred in failing to so find.

In its application for writ of sequestration (forfeiture), the State alleged that the vehicle in question "was used to transport and facilitate the transport [sic], possession and concealment of the marihuana, a controlled substance." The trial court found the vehicle was not subject to forfeiture.

The State correctly argues that this statute was recently amended to broaden the range of offenses which give rise to forfeiture and to lessen the burden of proof requirements of the State. In its original form, the statute read as follows:

Sec. 5.03. (a) The following are subject to forfeiture as authorized by this subchapter:

* * * * * *

(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport *for delivery* or in any manner facilitate the transportation *for delivery* of any property described in paragraph (1), (2), or (3) of this subsection ... [Emphasis added.]

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(a)(5) (Vernon 1976).

Since the amendment, the statute reads as follows:

Sec. 5.03. (a) The following are subject to forfeiture as authorized by this subchapter:

* * * * * *

(5) any conveyance, including aircraft, vehicles, .vessels, trailers, and railroad cars, that is used or intended for use to transport or in any manner facilitate the transportation, *sale, receipt, possession, concealment, or delivery* of any property described in paragraph (1), (2), or (3)

of this subsection, ... [Emphasis added.]

TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(a)(5) (Vernon Supp.1985).

Under the original statute, the only offense which would give rise to a forfeiture was transportation, and only if it was transportation for delivery. Under the amended statute, the offenses of sale, receipt, possession, concealment and delivery will all give rise to a forfeiture, in addition to transportation. Furthermore, the State need not prove that a given transportation was "for delivery". However, transportation is still the only offense which will give rise to a forfeiture without proving that the car "facilitated the offense".

At the forfeiture hearing, it was conclusively established by testimony of appellee, the owner of the vehicle in question, that she and her boyfriend left their house to pick up two friends and go to dinner at a restaurant. Appellee had one bag of marihuana in her purse and her boyfriend had one bag in his boot. On their way home from the restaurant, the four of them were smoking a marihuana cigarette when appellee's boyfriend drove through a barricade and then attempted to drive around it. A police officer stopped the car, after which appellee threw the marihuana cigarette out the window and stuffed both bags down the front of her pants. Appellee was arrested for possession of marihuana. She subsequently pled guilty pursuant to a plea bargain and received a fine of $50 plus $82 in court costs. The record does not reflect whether the plea bargain included discussion of forfeiture of the vehicle, nor whether appellee attempted to exercise her Fifth Amendment privilege against self-incrimination at the forfeiture hearing.

We agree that the car was used to transport marihuana, using a literal interpretation of the statute. From the time sec. 5.03(a)(5) was amended dispensing with the requirement that the State prove that a given transportation was "for delivery", any time a controlled substance exists within the confines of a moving vehicle with the

owner's knowledge, the vehicle is subject to forfeiture even if the controlled substance is in a purse or on a person. The primary purpose of using the car is irrelevant insofar as this portion of the statute is concerned.

Appellee argued that the Legislature did not intend for a car worth several thousand dollars to be forfeited in connection with a misdemeanor offense concluded by a $50 fine and she cited authorities of foreign jurisdictions which have statutes similar to those in Texas. *State v. One 1972 Pontiac Grand Prix, Etc.,* 90 S.D. 455, 242 N.W.2d 660 (S.D.1976); *State v. One Porsche 2-Dr. No. 911211026, T. PP10026F, Etc.,* 526 P.2d 917 (Utah 1974); *Griffis v. State,* 356 So.2d 297 (Fla.1978). We disagree. The language of the Texas statute does not differentiate between felony and misdemeanor offenses. The statute is unambiguous in providing for forfeiture when the car is used or intended to be used to transport a controlled substance regardless of the quantity. The facts of this case are equally clear. The subject vehicle was used in transporting the marihuana from appellee's home to where they picked up friends, to the restaurant, and in the trip home. We hold, therefore, that the trial court erred in finding that the car was not subject to forfeiture.

In its brief, the State also argues the evidence conclusively establishes that the vehicle was used to facilitate the possession and delivery of the marihuana. In light of our holding that the vehicle was used to transport the marihuana, it is not necessary for us to consider this portion of the State's argument.[1]

Appellee also contests the constitutionality of the forfeiture statute on grounds that the amending legislation, H.B. 1191, constituted a substantial change in the law and that the caption of the act did not comply with the requirements of art. III, sec. 35 of the Texas Constitution. The pertinent part of the Constitution provides:

But if any subject shall be embraced in an act, which shall not be expressed in the title, such act shall be void only as to so much thereof, as shall not be so expressed.

*Id.*

When a statute is attacked under art. III, sec. 35, the court should construe the statute liberally so as to uphold it if possible. *Stein v. State,* 515 S.W.2d 104 (Tex.Crim.App.1974); *White v. State,* 440 S.W.2d 660 (Tex.Crim.App.1969). A somewhat stricter rule of conformity of title to subject matter legislated on or within an act is applied to amendments in comparison to the original acts. *Bates v. State,* 587 S.W.2d 121 (Tex.Crim.App.1979), citing *White,* 440 S.W.2d at 660; *Stein,* 515 S.W.2d at 104.

Section 5.03(a)(5) was originally amended in 1981 by H.B. 730, Act of May 29, 1981, ch. 268, 1981 Tex.Gen.Laws 696–708. The caption to that bill read as follows: "An Act relating to offenses and criminal penalties under the Texas Controlled Substances Act." In 1983, the Court of Criminal Appeals held that this caption did not give reasonable notice of the statutory changes and declared the statute unconstitutional. *Ex parte Crisp,* 661 S.W.2d 944 (Tex.Crim. App.1983). Earlier that year, the Legislature had again amended the statute, including the original changes but expanding the caption so as to comply with the constitutional provision. The caption to H.B. 1191 reads as follows:

### AN ACT

relating to the revision, recodification, and reenactment of substantive and procedural laws (including, but not limited to, administrative and enforcement provisions) concerning the manufacture, distribution, dispensing, possession, and delivery of marihuana, controlled substances, and drug paraphernalia; providing penal-

---

1. It should be noted there was no allegation of delivery set forth in the State's application for forfeiture.

ties; amending, recodifying, and reenacting Sections 1.02, 3.08, 4.01, 4.011, 4.012, 4.03, 4.031, 4.032, 4.04, 4.041, 4.042, 4.043, 4.05, 4.051, 4.052, 4.12, 5.03, 5.05, 5.06, 5.07, 5.08, and 5.081 of the Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); adding a new Section 4.053 to Subchapter 4 of the Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); amending and reenacting Section 3f(c), Article 42.12, Code of Criminal Procedure, 1965, as amended; amending and reenacting Articles 44.04(b) and (c), Code of Criminal Procedure, (1965) as amended; repealing Sections 4.01(c) and (d), Texas Controlled Substances Act, as amended (Article 4476–15, Vernon's Texas Civil Statutes); including a saving clause; providing for expiration of certain provisions of the Texas Controlled Substances Act if not reenacted on or before December 31, 1985; and declaring an emergency.

Act of August 29, 1983, ch. 425, 1983 Tex. Gen.Laws 2361.

■ In footnote 2, *Ex parte Crisp*, 661 S.W.2d at 947, the court noted that the new caption "more elaborately discusses the subject matter of the original bill." However, the new caption was not before the court so they did not address its constitutionality. We now hold that the caption to H.B. 1191 gave reasonable notice of the changes contained in the amended statute. The caption specified the sections of the statutes which were being amended and pointed out that enforcement provisions, with which we are here concerned, were being changed.

■ Appellee further argued that even when a vehicle is subject to forfeiture, the trial judge is vested with the discretion whether or not to order forfeiture. We disagree. Section 5.07(d) does not leave the matter of forfeiture to the discretion of the trial judge, but mandates such forfeiture of conveyances subject to forfeiture. "If it is found that the property is subject to forfeiture, then the judge *shall* upon motion forfeit the property ..." TEX. REV.CIV.STAT.ANN. art. 4476–15, sec. 5.07(d) (Vernon Supp.1985) (Emphasis added.)

The State's point of error is sustained.

Judgment of the trial court is reversed and the cause is remanded to the trial court with instructions to enter an order forfeiting the 1980 Pontiac VIN #2D19SAP21357. The order of forfeiture shall comply with the provisions of TEX.REV.CIV.STAT. ANN. art. 4476–15, sec. 5.08.