ONE 1979 JEEP VIN # J9F93EH055249 (James & Debra Sizemore), Appellants,

v.

The STATE of Texas, Appellee.

No. 2–85–087–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 6, 1986.

Law Offices of Jack Beech and Jack W. Beech, Alley & Alley and Richard Alley, Fort Worth, for appellants.

Tim Curry, Crim. Dist. Atty., and David K. Chapman, Asst. Crim. Dist. Atty., Fort Worth, for appellee.

Before BURDOCK, HOPKINS and HUGHES, (Retired) JJ.

OPINION

HOPKINS, Justice.

This is an appeal from a judgment forfeiting a 1979 Jeep VIN # J9F93EH055249 under TEX.REV.CIV.STAT.ANN. art. 4476–15, sec. 5.03(a) (Vernon Supp.1986), The Texas Controlled Substances Act.

We affirm the judgment.

■ In appellants' first point of error they claim that the statute used as the basis for the forfeiture is unconstitutional in that the caption to the article, amending the statute, fails to comply with the TEX. CONST. art. III, sec. 38. This Court recently held in *State v. One 1980 Pontiac, VIN # 2D19SAP21357, and Two Bags of Marihuana,* 695 S.W.2d 821 (Tex.App.— Fort Worth, 1985) (on rehearing), that the caption to House Bill 1191 "gave reasonable notice of the changes contained in the amended statute." *Id.,* at 825. Appellants' first point of error is overruled.

■ In points of error two and three, appellants contend there is insufficient evidence or, alternatively, no evidence to warrant forfeiture of the Jeep. Appellants' arguments are: 1) there was no delivery of a controlled substance, 2) the marihuana seized from the vehicle and from her person was of an amount less than that required for a felony charge of possession, and 3) it was not established that appellants used the vehicle contrary to the statute.

Appellants' first argument has previously been addressed by this Court in *State v. One 1980 Pontiac,* wherein this Court held that since sec. 5.03(a)(5) was amended there is no longer a requirement that the State prove "delivery", therefore, "any time a controlled substance exists within the confines of a moving vehicle with the owner's knowledge, the vehicle is subject to forfeiture ... The primary purpose of using the car is irrelevant insofar as this portion of the statute is concerned." *Id.,* at 823–24.

■ This Court has also rejected appellants' second argument, that the charge of possession must be of an amount to war-rant a felony charge, by holding that the statute makes no distinction as to the amount of the controlled substance in question. "The statute is unambiguous in providing for forfeiture when the car is used or intended to be used to transport a controlled substance regardless of the quantity." *Id.,* at 824.

■ Appellants' third argument is without merit. In appellant Debra Sizemore's statement, she admitted that she and her husband had dealt marihuana in the past and had started up again. She further stated that "[o]n Friday I drove my 1979 Jeep to work and had about 4 ounces of marihuana in the console. I sold about ¾ of an ounce at work and at lunch I sold a ¼ to a fellow worker. I leftthe [sic] Jeep at work...." When the Jeep was brought to the station, appellant directed the search by the police officers to the console of the vehicle. Appellant stated after the search that she thought she had "about ¼ lb left and thats [sic] what the police found in my car." Based upon the facts and appellant's statement, the Jeep was used to transport the marihuana and facilitate the sale of marihuana. Points of error two and three are overruled.

Appellants' fourth and fifth points of error complain that the trial court abused its discretion in granting the State's requested trial amendment changing the vehicle identification number of the vehicle and in failing to grant a continuance to counteract the surprise caused by the granting of the trial amendment. The granting or denying of a trial amendment rests within the sound discretion of the trial court, and will not be set aside in the absence of a clear showing of abuse of discretion. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760, 763 (1942); *Tuck v. Tuck,* 509 S.W.2d 656, 658 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.).

■ We find no abuse of discretion in the granting of the trial amendment and denial of the continuance requested. However, this issue is not relevant to the point in question as the State failed to file the

trial amendment requested. Therefore, there was no trial amendment. The State argues the matter was tried by implied consent. TEX.R.CIV.P. 67. We agree.

The purpose of pleadings in the trial court is to define issues at trial, for the court, and give adequate notice of same to the opposing party to enable him to prepare an adequate defense. *See Safety Casualty Co. v. Wright*, 138 Tex. 492, 160 S.W.2d 238 (1942). The vehicle identification number pled was incorrect by one letter/number. The correct vehicle identification number was J9F93EH055249, but the pleadings contained the number 8 instead of the letter H. Appellants' verified answer was filed under the same incorrect vehicle identification number and alleged that they were the owners of the vehicle which was the subject of the answer and the suit.

No special exception was urged and no objections were made to the pleadings at trial, nor to the introduction of evidence contrary to the pleadings. Therefore, the issue was tried by implied consent. TEX. R.CIV.P. 67. *Niles v. Harris County Fresh Water Supply District No. 1-A*, 339 S.W.2d 562 (Tex.Civ.App.—Waco 1960, writ ref'd).

The docket was called and the correct vehicle identification number was read into the official record. There was no objection. The State later asked the witness, Bill Caster, a police officer, if he made any effort to ascertain the vehicle identification number from the vehicle. He stated that he had written the number down on the impound report and that to the best of his knowledge, it was the same one as pled by the State.

Defense counsel on cross-examination then asked Officer Caster to read the vehicle identification number off of the impound report. The defense counsel went on to introduce the impound report into evidence. There was no objection. The defense counsel only requested the court to note that the vehicle identification number on the pleadings was different than that on the impound report. Defense counsel never objects specifically to the testimony of the witness nor the difference between the pleadings and the evidence. Defects in pleadings are waived when there is no objection or exception. This pleading defect is deemed waived inasmuch as it was not objected to by appellant. TEX.R.CIV.P. 90.

A teletype report obtained by Officer Caster was introduced into evidence. The teletype gave a vehicle identification number of a 1979 Jeep owned by Debra and James Sizemore. Also, James Sizemore admitted to being the owner of the Jeep that is the subject of the proceedings. He further acknowledged that the Jeep is the only vehicle owned by Debra and James Sizemore.

The record discloses that the one Jeep owned by Mr. and Mrs. Sizemore was the subject of the suit. There being no exception made by the appellants to appellee's pleadings, we hold that there was sufficient notice in the original pleading to apprise the appellants of the cause of action against them. Points of error four and five are overruled.

■ Appellants' sixth point alleges error in ordering forfeiture of the vehicle where no aggravated offense was committed. This argument has been considered previously by this and other appellate courts and decided contrary to appellant's contention. *1972 Chevrolet Pickup Truck v. State*, 697 S.W.2d 770 (Tex.App.—Corpus Christi 1985, writ pending); *see State v. One 1980 Pontiac*. The prior decisions have held that the offense need not be aggravated where the owner of the vehicle is also the user of the vehicle. *1972 Chevrolet Pickup Truck v. State*, 697 S.W.2d at 771; *State v. One 1980 Pontiac*. Appellant admitted driving the Jeep to work on November 9, 1984 and the testimony at trial proved ownership. Point of error number six is overruled.

The judgment of the trial court ordering forfeiture of the Jeep VIN # J9F93EH055249 is affirmed.