ONE 1980 PONTIAC, VIN
# 2D19SAP21357 et al.,
Petitioners,

v.

The STATE of Texas, Respondent.

No. C–4871.

Supreme Court of Texas.

March 19, 1986.

Rehearing Denied May 14, 1986.

Rick Bowman, Johnson, Johnson & Rothfelder, Fort Worth, for petitioners.

Mary Thornton Taylor, Fort Worth, for respondent.

KILGARLIN, Justice.

The issue in this appeal from an automobile forfeiture is whether a small amount of marihuana secreted in a handbag of the car's owner means the auto is being used in violation of the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03. The owner of the vehicle pleaded guilty to a misdemeanor marihuana possession charge. She paid a $50 fine and $82 in court costs. Petitioner, although the owner, was a passenger in her vehicle at the time of her arrest for possession of two baggies of marihuana. Her possession was not incident to the buying or selling of drugs. The record does not reveal the amount of marihuana petitioner possessed. However, the maximum amount allowable for a misdemeanor offense is four ounces. Art. 4476–15, § 4.051(b).

Subsequently, the Tarrant County District Attorney's office brought a forfeiture

action to obtain title to the vehicle. The trial court rendered judgment denying the forfeiture. The court of appeals, however, reversed that judgment and rendered judgment forfeiting petitioner's automobile. 695 S.W.2d 821. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

■ Petitioner's principal argument constitutes an attack on the court of appeals' interpretation of the Texas Controlled Substances Act. That court stated that "[t]he statute is unambiguous in providing for forfeiture ... regardless of the quantity." 695 S.W.2d at 821. At the time, section 5.03 read as follows:

> (a) The following are subject to forfeiture as authorized by this subchapter:
>
> *   *   *   *   *   *
>
> (5) any conveyance, including ... vehicles, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of property ..., provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act....

Act of June 17, 1983, ch. 425, § 18, 1983 Tex.Gen.Laws 2361, 2394.[1] To be charged with an aggravated offense for possession of marihuana, a person must have more than fifty pounds. Art. 4476–15, § 4.051(c).

The State argues that the inclusion of the word "other" in the clause "provided that no conveyance used by any other person" is dispositive of the case. The State contends that the term "other person" means that the aggravated offense requirement does not apply when the owner of the conveyance is charged with a drug offense. We do not agree with that construction.

In construing a statute, a court "must look to the intent of the legislature and must construe the statute so as to give effect to that intent." *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 384 (Tex.1982). As a general rule, the legislative intent is to be derived from the language of the statute. *Seay v. Hall*, 677 S.W.2d 19, 25 (Tex.1984). However, the court may also consider the "object sought to be attained; ... [the] legislative history ... [and] consequences of a particular construction...." Tex.Gov't Code Ann. § 311.023 (Vernon 1986).

The 1983 act, H.B. 1191, was a reenactment of the 1981 law, H.B. 730. In pertinent part, H.B. 730 read as follows: "provided that no conveyance used by any person shall be forfeited...." The reenactment was necessary because the prior law was declared unconstitutional due to a defective caption. *See Ex parte Crisp*, 643 S.W.2d 487 (Tex.App.—Austin 1982), *aff'd*, 661 S.W.2d 944 (Tex.Crim.App.1983).

House Bill 730 had amended prior law by deleting the requirement that the conveyance must be used "for delivery" and by limiting the use of the forfeiture provision to aggravated offenses. Act of May 29, 1981, ch. 268, § 10, 1981 Tex.Gen.Laws 696, 704. A review of the available legislative history indicates that the purpose of H.B. 730 was to prevent drug trafficking and drug dealing. Hearings on H.B. 730, before the House Committee on Criminal Jurisprudence, 67th Leg., March 11, 1981 (on tape). For example, a representative from the Texas Department of Public Safety testified that "[w]e believe ... the purpose [of the seizure and forfeiture provisions] is to take the tools of trafficking away ... I think we're talking about the people who are making millions and millions of dollars. I don't think we're talking about minor violators." *Id.* Therefore, from this and other testimony, it is clear

---

1. The stature now allows forfeitures when the offense committed is a felony. Art. 4476–15, § 5.03(a)(5).

that H.B. 730 was designed to facilitate forfeitures of assets used by drug dealers.

This intent was echoed by the sponsor of H.B. 1191, Representative C. Evans. At the public hearing on the bill, Representative Evans stated that H.B. 1191 was a recodification of H.B. 730. Hearings on H.B. 1191, before the House Committee on Criminal Jurisprudence, 68th Leg., April 5, 1983 (on tape). Representative Evans then called to testify the person he recognized as the principal drafter and prime motivator of the proposed legislation.

In response to a question from a committee member regarding the scope of the bill's forfeiture provisions, the witness testified: "The statute applies the seizure and forfeiture provisions only to aggravated offenses.... With regard to marihuana, it applies only to instances where more than fifty pounds is involved in the transaction...." *Id.* There was no explanation of the addition of the word "other" and there was no indication that a substantive change was intended. In fact, the theme of the hearing was that H.B. 1191 was only a reenactment of H.B. 730 to cure the caption defect and was *not* intended to change the law. *Id.*

The witness also explained the deletion of the term "for delivery" in H.B. 730. He stated, "We are going to remove the delivery requirement and allow seizures to take place when that vehicle is being used to facilitate the deal." *Id.*

■ This review of the legislative history leads to the inescapable conclusion that the legislature intended the forfeiture provisions to be used only when an aggravated offense is committed and when the offense is one involving some aspect of a drug transaction. Clearly, petitioner's offense was neither aggravated nor related to a drug deal.

Therefore, we hold that the court of appeals' construction and application of art. 4476–15, § 5.03 is improper and contravenes the express legislative intent. Accordingly, we reverse the judgment of the court of appeals and affirm that of the trial court. Because of our disposition of the case, we need not address petitioner's remaining points.