**1972 CHEVROLET PICKUP TRUCK, Petitioner,**

v.

**STATE of Texas, Respondent.**

**No. C–4778.**

Supreme Court of Texas.

May 14, 1986.

Molly Meredith, Dallas, for petitioner.

Henry Wade, Dist. Atty., Alec B. Stevenson, III, Asst. Dist. Atty., Dallas, for respondent.

**PER CURIAM.**

This is an appeal from an automobile forfeiture. 697 S.W.2d 770. The issue raised is whether the Texas Controlled Substances Act requires an aggravated offense involving a drug transaction as a predicate to forfeiture when the owner of the conveyance is in charge of the conveyance at the time of delivery or sale of the drug.

The trial court found that the owner of the vehicle sold marihuana (five pounds or less but more than four ounces) from the vehicle on February 2, 1984 and again on February 3, 1984. Holding that the offense violated the Texas Controlled Substances Act, Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 5.03(a)(5), the trial court ordered the vehicle forfeited to the City of Dallas Police Department. The court of appeals affirmed the judgment of the trial court.

At the time of the offense, section 5.03(a)(5) read:

(a) The following are subject to forfeiture as authorized by this subchapter:

(5) Any conveyance, including ... vehicles, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of property ..., provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act ...

Act of June 17, 1983, ch. 425, § 18, 1983 Tex.Gen.Laws 2361, 2394, amended by Act of June 3, 1985, ch. 227, § 11, 1985 Tex. Sess.Law Serv. 1861 (Vernon). An aggravated offense for possession of marihuana is one in which a person possesses more than fifty pounds of marihuana. Art. 4476–15, § 4.051(c). Section 5.03(a)(5) has been amended and now allows forfeitures when a felony offense is committed. Art. 4476–15, § 5.03(a)(5).

This court recently construed section 5.03(a)(5) as it existed at the time of this offense in *1980 Pontiac v. State of Texas,* 707 S.W.2d 881 (1986). In *1980 Pontiac* we

determined that the Act's legislative history provided

> no explanation of the addition of the word "other" and ... no indication that a substantive change was intended.... This review of the legislative history leads to the inescapable conclusion that the legislature intended the forfeiture provision to be used only when an aggravated offense is committed and when the offense is one involving some aspect of a drug transaction. *1980 Pontiac* at 883.

We grant writ of error and pursuant to Tex.R.Civ.P. 483, without hearing oral argument, reverse the judgment of the court of appeals and render judgment that the State of Texas take nothing.