**1980 FORD PICKUP, Petitioner,**

v.

**The STATE of Texas, Respondent.**

No. C–4854.

Supreme Court of Texas.

May 21, 1986.

J. Stephen Cooper, Dallas, for petitioner.

Henry Wade, Crim. Dist. Atty. and Alec B. Stevenson and Paige E. Jones, Asst. Crim. Dist. Attys., Dallas, for respondent.

PER CURIAM.

This is an appeal from an automobile forfeiture. The issue raised is whether the Texas Controlled Substances Act requires an aggravated offense involving a drug transaction as a predicate to forfeiture when a person other than the owner is in charge of the conveyance at the time of delivery or sale of the drug.

The trial court found that on January 17, 1984 a person other than the owner of the 1980 Ford Pickup used that truck "to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of a controlled substance, to wit: Cocaine." The evidence at trial showed that the cocaine weighed between 1.1 and approximately 4 grams. The trial court held that such use of the vehicle violated the Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.03(a)(5) and ordered the vehicle forfeited to the City of Dallas Police Department. In an unpublished opinion, the court

of appeals affirmed the judgment of the trial court.

At the time of the offense, section 5.03(a)(5) read:

(a) The following are subject to forfeiture as authorized by this subchapter:

(5) Any conveyance, including ... vehicles, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of property ..., provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act ...

Act of June 17, 1983, ch. 425, § 18, 1983 Tex.Gen.Laws 2361, 2394, amended by Act of June 3, 1985, ch. 227, § 11, 1985 Tex. Sess.Law Serv. 1861 (Vernon). An aggravated offense involving cocaine requires the aggregate weight of the cocaine to be 28 grams or more. Art. 4476–15, §§ 4.02(b)(3)(D), 4.03(c), and 4.04(c). Section 5.03(a)(5) has been amended and now allows forfeitures when a felony offense is committed. Art. 4476–15, § 5.03(a)(5).

■ This court recently construed section 5.03(a)(5) as it existed at the time of this offense in *1980 Pontiac v. State of Texas*, 707 S.W.2d 881 (1986). In *1980 Pontiac* we determined that the Act's legislative history provided

no explanation of the addition of the word "other" and ... no indication that a substantive change was intended....

... This review of the legislative history leads to the inescapable conclusion that the legislature intended the forfeiture provision to be used only when an aggravated offense is committed and when the offense is one involving some aspect of a drug transaction.

*1980 Pontiac* at 883.

■ We grant the application for writ of error and pursuant to Tex.R.Civ.P. 483, without hearing oral argument, we reverse the judgment of the court of appeals and render judgment that the State of Texas take nothing.