ONE 1979 JEEP VIN # J9F93EH055249
(Debra and James Sizemore),
Petitioner,

v.

The STATE of Texas, Respondent.

No. C–5157.

Supreme Court of Texas.

July 2, 1986.

Richard Alley, Alley & Alley, Fort Worth, for petitioner.

Tim Curry, Criminal Dist. Atty., and David K. Chapman, Fort Worth, for respondent.

PER CURIAM.

This is an appeal from an automobile forfeiture. 702 S.W.2d 781. The issue raised is whether the Texas Controlled Substances Act requires an aggravated offense involving a drug transaction as a predicate to forfeiture when the owner of the conveyance is in charge of the conveyance at the time of delivery or sale of the drug.

The trial court found that the owner of the vehicle sold marijuana from the vehicle on November 9, 1984. The State stipulated that the amount of marijuana involved subjected the vehicle owner to misdemeanor charges only. Holding that the offense violated the Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15, § 5.03(a)(5), the trial court ordered the vehicle forfeited. The court of appeals affirmed the judgment of the trial court.

At the time of the offense, section 5.03(a)(5) read:

(a) The following are subject to forfeiture as authorized by this subchapter:

(5) Any conveyance, including ... vehicles, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of property ..., provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an aggravated offense under this Act....

Act of June 17, 1983, ch. 425, § 18, 1983 TEX.GEN.LAWS 2361, 2394, amended by Act of June 3, 1985, ch. 227, § 11, 1985 TEX.SESS.LAW SERV. 1861 (Vernon).

This court recently held in *1980 Pontiac v. State of Texas,* 707 S.W.2d 881 (Tex. 1986) that "the legislature intended the forfeiture provision to be used only when an aggravated offense is committed...." *1980 Pontiac* at 883. There was no aggravated offense in the instant case.

We grant writ of error and pursuant to TEX.R.CIV.P. 483, without hearing oral ar-

gument, reverse the judgment of the court of appeals and render judgment that the State of Texas take nothing.