**ONE 1983 CHEVROLET BLAZER, (James JACKSON), Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–86–00272–CV.**

Court of Appeals of Texas, El Paso.

July 29, 1987.

Rehearing Denied Aug. 19, 1987.

Edward L. Shelby, Midland, for appellant.

Al W. Schorre, Jr., Dist. Atty., Midland, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

OPINION

WOODARD, Justice.

This is an appeal from a vehicle forfeiture pursuant to Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 5.03(a)(5) (Vernon Supp.1987). The court ordered the forfeiture of James Jackson's 1983 Chevrolet Blazer, and from this order he appeals. We reverse and render.

On February 25, 1986, in Midland County, Texas, James Jackson was stopped while driving his vehicle. His wife, Linda, was a passenger in the car. The car was searched and a vial of what was later determined to be heroin was found in her purse. They were arrested for possession of heroin. Both James and Linda Jackson were serving probationary terms for the offense of burglary. At the hearing on the State's motion to revoke adult probation, James Jackson pled true to the State's allegations and stated he had possessed heroin and had been arrested, both incidents being in violation of the terms of his probation. The State's chemist testified that the alleged controlled substance was heroin in the amount of .21 grams. James Jackson's probation was revoked and he was sen-

tenced to five years' imprisonment. Based upon this evidence, the court ordered the vehicle in question forfeited in a subsequent hearing on forfeiture. The court stated in its order of forfeiture that "the aforesaid 1983 Chevrolet Blazer, whose record owner was James R. Jackson, was used to transport a controlled substance, namely Heroin, . . . ."

In Point of Error No. One, James Jackson asserts the court erred in finding that there was an aggravated offense as defined in Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 4.03(c) (Vernon Supp.1987), because there was insufficient evidence to establish the requisite amount of drugs involved. Tex.Rev.Civ.Stat.Ann. art. 4476–15, sec. 5.03(a)(5) (Vernon Supp.1987), the forfeiture provision of the Controlled Substances Act, states:

(a) The following are subject to forfeiture as authorized by this subchapter:

.   .   .   .   .

(5) any conveyance, including aircraft, vehicles, vessels, trailers, and railroad cars, that is used or intended for use to transport or in any manner facilitate the transportation, sale, receipt, possession, concealment, or delivery of any property described in paragraph (1), (2), or (3) of this subsection, provided that no conveyance used by any other person shall be forfeited under this subchapter unless the owner or other person in charge of the conveyance is a consenting party or privy to an offense under this Act that is punishable as a felony or an offense under Section 4.052 of this Act; . . . .

It is clear that the statute no longer requires an aggravated offense. Possession of heroin in the amount of .21 grams is a second-degree felony. *See:* Tex.Rev.Civ. Stat.Ann. art. 4476–15, sec. 4.04(b) (Vernon Supp.1987). Point of Error No. One is overruled.

In Point of Error No. Two, James Jackson contends the court erred in finding that the 1983 Blazer was used or intended for use to facilitate the delivery of a controlled substance or to transport a controlled substance in violation of Article 4476–15, because there was no evidence or insufficient evidence to sustain that finding. In *One 1980 Pontiac v. State,* 707 S.W.2d 881 (Tex.1986), the Supreme Court of Texas established a two-prong test with regard to forfeiture. The Court held that (1) the offense involved must be an aggravated offense, and (2) the offense must involve some aspect of a drug transaction, and not mere possession as expressed in the Statute. The first requirement has been statutorily changed requiring only an offense punishable as a felony. However, the Court's analysis of the legislative history with regard to the second element would indicate that it is still applicable. There is no evidence in the present case that a drug transaction was involved. Point of Error No. Two is sustained.

In light of the foregoing discussion, we find it unnecessary to respond to Appellant's Point of Error No. Three.

We reverse the judgment of the court and render judgment that the State of Texas take nothing.