**Doyle MURPHREE dba D and B Auto Resales, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 01–91–00065–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 22, 1993.

Anthony P. Griffin, Galveston, for appellant.

Michael J. Guarino, Denise V. Wilkerson, Galveston, for appellee.

Before DUGGAN, HEDGES, and O'CONNOR, JJ.

## OPINION

HEDGES, Justice.

Appellant Doyle Murphree appeals a judgment of forfeiture under the Motor Vehicle Salvage Dealers Act. We must interpret the burden of proof required under the forfeiture provisions of that statute. Did the State's proof that appellant failed to maintain statutorily required records on the origin of component car parts suffice? Or did the State have the greater burden to show that the seized items had actually been stolen or altered? We affirm in part and reverse and render in part.

At the time his property was seized, appellant was doing business as D & B Auto Resales, purchasing wrecked vehicles and rebuilding them for resale. On January 23, 1990, the Galveston Sheriff's Department, Organized Crime Unit, conducted an administrative inspection of appellant's business in accordance with Tex.Rev.Civ.Stat.Ann. art. 6687-2 (Vernon Supp.1993). The officers inspected approximately 100 motor vehicles and parts of motor vehicles. When asked to document his ownership, appellant produced titles to the vehicles but did not have an inventory of component parts as required under article 6687-2. The officers seized eight vehicles, one engine, vehicle doors, door panels, seats, and various component parts as authorized by article 6687-2(j). The State then brought multiple foreclosure actions under the Certificate of Title Act, Tex.Rev.Civ.Stat.Ann. art. 6687-1 (Vernon 1977).[1] Six of the actions have been consolidated on appeal.

The trial court rendered judgment and ordered forfeiture of the property under Tex.Rev.Civ.Stat.Ann. art. 6687-2 (Vernon Supp.1993), which governs "motor vehicle salvage dealers." Article 6687-2(j) provides:

> A peace officer may seize, hold, and dispose of according to the Code of Criminal Procedure a motor vehicle or part thereof which has been stolen or which has been altered so as to remove, change, mutilate, or obliterate a permanent vehicle identification number, derivative number, motor number, serial number, or federal safety sticker.

In points of error one and two, appellant asserts that the trial court erred in ordering forfeiture of the seized property because the State failed to prove the property was stolen. Appellant contends that we must read article 6687-2(j) together with article 6687-2(*l*) and article 47.01a of the Code of Criminal Procedure. We disagree with appellant's contention. Our interpretation of article 6687-2 standing alone is dispositive of the forfeiture action. The other two statutes cited do not apply in this case.[2]

To determine the requirements of a lawful forfeiture under article 6687-2(j), we examine the seized property in three categories. The first category consists of property that the State proved was stolen. Appellant concedes, and we hold, that property shown by the evidence to have been stolen, either by the salvage dealer or by someone else, may be forfeited under subsection (j). Second, we consider those items "which have been altered so as to remove, change, mutilate, or obliterate a permanent vehicle identification number, derivative number, motor number, serial number, or federal safety sticker." Tex. Rev.Civ.Stat.Ann. art. 6687-2(j) (Vernon Supp.1993). For items in this second category, we hold that (1) forfeiture is proper upon proof of alteration and (2) no finding of theft is necessary. We overrule point of error two.

---

1. Although the State brought this action under article 6687-1, the Certificate of Title Act, the parties apparently tried the case by consent under article 6687-2, the Motor Vehicle Salvage Dealers Act. Because the case was tried to the court and not to a jury, no amendment of the pleadings was required. Tex.R.Civ.P. 67; *One 1979 Jeep VIN No. J9F93EH055249 v. State*, 702 S.W.2d 781, 784 (Tex.App.—Fort Worth), *rev'd on other grounds*, 713 S.W.2d 693 (Tex.1986). The trial court entered judgment based on article 6687-2. Neither party asserted error in the discrepancy between the pleadings and the judgment.

2. Article 6687-2(*l*) defines a separate offense when the same actor either (1) commits the theft of the salvaged parts and fails to comply with the provisions of article 6687-2, or (2) "violates a provision [of the statute] in conjunction with the commission of the theft." Tex.Rev. Civ.Stat.Ann. art. 6687-2(*l*) (Vernon Supp.1993). The State did not allege in these motions to forfeit that appellant himself stole these parts. Consequently, subsection (*l*) is inapplicable. Article 47.01a of the Code of Criminal Procedure describes the proper forfeiture proceeding when "a criminal action relating to allegedly stolen property is not pending." Tex.Code Crim. P.Ann. art. 47.01a (Vernon Supp.1993). At the time of the forfeiture hearing, a number of misdemeanor actions relating to the seized property were pending. Therefore, this article could not govern the proceeding.

Here, the parties agreed to conduct the hearing in accordance with article 47.01a. Therefore, the issue of whether that is the appropriate procedural statute is not before us.

The third category of component parts, those items about which the State can prove neither theft nor alteration, presents the central issue in this case. We hold that in order to "seize, hold, and dispose of" this last category of items, the State must prove either theft or alteration. A plain reading of article 6687-2(j) compels this result. The words "which has been stolen or which has been altered" demand explicit proof.[3]

We reject the State's argument that proof of failure to maintain the "accurate and legible inventory of each component part purchased or delivered," required under article 6687-2(c), suffices to comply with article 6687-2(j). Noncompliance with recording requirements is an independent offense punishable as a Class A misdemeanor. TEX.REV.CIV.STAT.ANN. art. 6687-2(k) (Vernon Supp.1993). But the statute creates no nexus between the violation of reporting requirements and forfeiture of motor vehicles and component parts, nor does it give rise to a presumption of theft or alteration in the absence of a proper inventory. Accordingly, we sustain point of error one for those component parts not shown to have been stolen.

We affirm the judgment of the trial court forfeiting those items the State proved were stolen or altered; we reverse the judgment of the trial court forfeiting those items that the State did not prove were stolen or altered; we order the trial court to make findings on what items the State proved were stolen or altered; and we render judgment that the items that the State did not prove were stolen or altered are not forfeitable to the State.

---

3. We limit our holding to the State's prima facie case. Once the State establishes that seized parts were stolen or altered, defendant has the opportunity to rebut the State's evidence and to present any available defenses.