The STATE of Texas, Appellant,

v.

Camille PARK (1985 Toyota JT2MX73E2F0016294), Appellee.

No. 6–91–061–CV.

Court of Appeals of Texas, Texarkana.

Dec. 10, 1991.

Rehearing Overruled Jan. 7, 1992.

Alwin A. Smith, Sulphur Springs, for appellant.

Peter S. Chamberlain, Greenville, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

The State of Texas appeals from a summary judgment against it in an *in rem* forfeiture action brought against a 1985 Toyota pursuant to Chapter 59 of the Texas Code of Criminal Procedure. Camille Park is the registered owner of the Toyota. The State urges in its single point of error that the trial court erred in granting Park's motion for summary judgment. In a cross-claim, Park complains that although the trial court granted her summary judgment, the trial court failed to order the State to return the vehicle to her.

In reviewing a summary judgment record, we must adhere to the following rules: (1) the movant for summary judgment must establish that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; (2)

in deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true; and (3) every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in the nonmovant's favor. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979); *Wilcox v. St. Mary's University of San Antonio,* 531 S.W.2d 589 (Tex.1975).

█ A defendant who moves for summary judgment must demonstrate that at least one essential element of the plaintiff's cause of action has been disproved as a matter of law. *Hammonds v. Thomas,* 770 S.W.2d 1 (Tex.App.—Texarkana 1989, no writ). Once the defendant has negated an essential element of the plaintiff's cause of action, the burden then shifts to the plaintiff to produce evidence of probative force raising an issue of fact as to the element negated. *Goldberg v. U.S. Shoe Corp.,* 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

The State instituted the underlying seizure action against the Toyota pursuant to Chapter 59 of the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. arts. 59.-01–59.10 (Vernon Supp.1991). The petition, in the form of a notice of seizure and intention to forfeit, alleged in relevant part that Park had used the Toyota in the commission of a first degree felony and that the Toyota was therefore subject to seizure and forfeiture.

█ Property that is contraband is subject to seizure and forfeiture. TEX.CODE CRIM.PROC.ANN. art. 59.02(a). Contraband is defined as property of any nature, including tangible personal property, that is used in the commission of any offense classed as a first or second degree felony under the Texas Penal Code.[1] TEX.CODE CRIM.PROC.ANN. art. 59.01.

Article 59.03 of the Code of Criminal Procedure provides that a peace officer who seizes property under Chapter 59 has custody of the property, subject only to replevy under Article 59.02 or an order of a court. That article also provides that a peace officer who has custody of property shall provide the attorney representing the State with a sworn statement that contains a schedule of the property seized, an acknowledgment that the officer has seized the property, and a list of the officer's reasons for the seizure.

Article 59.04(a) of the Code of Criminal Procedure provides that if a peace officer seizes property under Chapter 59, the attorney representing the State shall commence forfeiture proceedings not later than the thirtieth day after the date of the seizure. Article 59.04(b) provides that a forfeiture proceeding commences when the attorney representing the State files a notice of the seizure and intended forfeiture in the name of the State with the clerk of the district court in the county in which the seizure is made. That article further requires that the attorney representing the State must attach to the notice of seizure the police officer's sworn statement as described in Article 59.03.

The seizure of the Toyota in this case occurred on October 29, 1989. The notice of seizure was timely filed on November 21, 1989, which was not later than the thirtieth day after the date of the seizure. The State, however, did not attach to its notice the required sworn statement from the seizing peace officer, as required by Article 59.04(b), thereby creating a defect. Park filed a general denial. On September 26, 1990, Park filed a first amended original answer in which she included a special exception to the State's failure to attach the peace officer's sworn statement to the notice of seizure as required by Article 59.04(b). She contended that the forfeiture action could not commence pursuant to Article 59.04(a) and (b), because this defect defeated the court's jurisdiction.

---

1. Park has complained that she was not convicted of the first degree felony with which she was originally charged, but was convicted of a lesser included offense which was a third degree felony. Article 59.05(d) provides that a final conviction for an underlying felony is not a requirement for forfeiture, but an acquittal raises a presumption that the property or interest that is the subject of the hearing is nonforfeitable. This presumption can be rebutted by evidence that the owner or interest holder knew or should have known that the property was contraband. This is a matter to be taken up on a trial on the merits.

On September 26, 1990, Park also filed a motion for summary judgment. The trial court granted Park's motion for summary judgment on the basis that the State's filing of its Notice of Seizure without attaching the required sworn statement fatally flawed the State's petition. The court indicated in its judgment that the lack of the sworn statement created a jurisdictional defect in the State's petition.

Article 59.05(a) of the Texas Code of Criminal Procedure provides that in forfeiture hearings, all parties must comply with the rules of pleadings as required in civil suits. Rule 90 of the Texas Rules of Civil Procedure requires that a defect in pleading in form and substance must be pointed out by an exception in writing brought to the attention of the judge in the trial court. A special exception was made in the present case, but the only showing that it was brought to the attention of the trial judge was in the form of the motion for summary judgment. The record reflects no other ruling on the special exception.[2]

■ The Texas Supreme Court has held that only after a party has been given an opportunity to amend after special exceptions have been sustained may the case be dismissed for failure to state a cause of action. *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6, 10 (Tex.1974); *accord Massey v. Armco Steel Company*, 652 S.W.2d 932, 944 (Tex.1983). Even though Article 59.04(b) requires that the State must attach the peace officer's sworn statement to the notice of the seizure and intended forfeiture, this defect could be cured even after thirty days, and the trial court must provide the State with an opportunity to cure the defect.

■ If the trial court had no jurisdiction to hear the case, the only action which it could lawfully have taken would have been to dismiss the case for want of jurisdiction. *Southwestern Bell Telephone Co. v. City of Kountze*, 543 S.W.2d 871 (Tex. Civ.App.—Beaumont 1976, no writ). Furthermore, the failure of the State to attach a sworn statement is not jurisdictional and did not prevent the State from commencing its cause of action.

■ After the State has been allowed to amend its pleadings, if the pleadings are not amended to properly state a cause of action, a motion for summary judgment may properly be granted. *Russell v. Department of Human Resources*, 746 S.W.2d 510 (Tex.App.—Texarkana 1988, no writ). An alternative to a motion for summary judgment is a motion to dismiss upon the failure of the State to amend to properly state a cause of action.

We have no alternative but to reverse and remand this case to the trial court. If the State properly amends its pleading, this matter should proceed to a hearing on the merits.

In regard to Park's cross-point, if she prevails in the court below, she is entitled to an order for the State to return the vehicle. It would be a hollow victory indeed for the court to grant judgment in her favor without ordering a return of the vehicle. If the forfeiture is not valid, the State has no right to continue to hold the vehicle. Such an action already changed a violation of rights of a constitutional magnitude in that no person shall be deprived of his or her property without due process of law.

The judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with this opinion.

**2.** Park contends in her brief that the trial court gave the State thirty days beyond the hearing on February 8, 1991, to cure the defect in the pleadings raised by the special exception. The State denies in its brief that it was ever given an opportunity to amend its pleadings. Nothing in the record supports Park's contention that the State was ordered to amend its pleadings.