IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00001-CV

 

Michael Don Watkins and $1937.00,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 414th District Court

McLennan County, Texas

Trial Court No. 2002-390-5

 



memorandum  Opinion



 








            Michael Don Watkins, pro se, appeals
the forfeiture of $1,937.00 (actually $1,837.00, because $50.00 of it was found
to be counterfeit and $50.00 was effectively nonsuited in a pleading error). 
We glean two issues from Watkins’s briefing:  (1) the State’s original notice
of seizure and intended forfeiture was defective and the trial court thus
lacked jurisdiction to order the currency’s forfeiture; and (2) Watkins was
denied due process because the trial court’s forfeiture order was a post-answer
default judgment against him.  We will affirm.

            The record reflects that Watkins is in
federal prison following his convictions of manufacture of methamphetamine,
theft of anhydrous ammonia with intent to manufacture methamphetamine, and
possession of pseudoephedrine with intent to manufacture methamphetamine.  When
arrested, Watkins possessed the above currency, pseudoephedrine, starter fluid,
and marijuana.

Chapter 59 of the Code of Criminal Procedure
authorizes the forfeiture of “contraband,” which is defined as property used in
the commission of various enumerated felonies and misdemeanors, including any
felony under Chapter 481 of the Health and Safety Code (commonly known as the
Texas Controlled Substances Act).  See Tex.
Code Crim. Proc. Ann. art. 59.01(2)(B)(i) (Vernon 2006), art. 59.02(a) (Vernon Supp. 2007).  Chapter 59 provides that the State can seize property used in the
commission of, among others, a drug-related crime and can also seize the
monetary proceeds from the crime.  Id. art. 59.03 (Vernon 2006).  The
State can then commence forfeiture proceedings by filing a notice of seizure
and intended forfeiture.  Id. art. 59.04.

To effect forfeiture, the State must commence a
forfeiture proceeding within thirty days after seizure of the contraband.  Id. art. 59.04(a).  Article 59.04(b) provides that a forfeiture proceeding commences
when the attorney representing the State files a notice of the seizure and
intended forfeiture in the name of the State with the clerk of the district
court in the county in which the seizure is made.  Id. art. 59.04(b).  That
article further requires that the attorney representing the State must attach
to the notice of seizure the peace officer’s sworn statement as described in
Article 59.03.  Id.

            Watkins first contends that the trial
court lacked jurisdiction because the seizing officer’s affidavit that was
attached to the State’s original notice of seizure and intended forfeiture was
defective in that it was unsigned.  However, the State’s failure to attach the peace
officer’s sworn statement to the notice of seizure, as required by statute, is curable
by amendment and does not deprive the trial court of jurisdiction of the
forfeiture proceeding.  State v. Park, 820 S.W.2d 948, 951 (Tex. App.—Texarkana
1991, no writ).  In this case, the State filed an amended notice of seizure and
intended forfeiture that includes the seizing officer’s “affidavit supplement,”
which clarified that $50 was counterfeit but lacked the seizure details that the
unsigned affidavit contains.  In any event, the trial court did not lack
jurisdiction over the proceeding.[1]  See
id.  We overrule the first issue.

            Watkins also complains that he was not
afforded due process because he did not attend the trial.  Watkins does not
complain that he did not receive notice of the trial; in fact, he filed a
summary-judgment motion in which he admits that he had received notice of the
trial.  This fact was noted at the trial, and the trial court stated that
Watkins had made no arrangement to attend or participate in the trial.  Cf. In
re R.C.R., 230 S.W.3d 423, 426 (Tex. App.—Fort Worth 2007, no pet.) (“if a
court determines that a pro se inmate in a civil action is not entitled to
leave prison to appear personally in court, the inmate should be allowed to
proceed by affidavit, deposition, telephone, or other means”).  There thus was
no due-process violation.  See $429.30 v. State, 896 S.W.2d 363, 366 (Tex. App.—Houston [1st Dist.] 1995, no writ).  We overrule the second issue.[2]

            Having overruled both of Watkins’s
identifiable issues, we affirm the trial court’s judgment.

 

BILL VANCE

Justice

 

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

Affirmed

Opinion delivered and
filed July 30, 2008

[CV06]









[1]               Furthermore, a
forfeiture proceeding under Chapter 59 is a civil in rem proceeding
governed by the procedural rules applicable to civil trials and appeals
generally.  See State v. Silver Chevrolet Pickup, 140 S.W.3d 691,
692 (Tex. 2004); see also Tex.
Code Crim. Proc. Ann. art. 59.05(a), (b) (Vernon 2006).  Article
59.05(a) of the Texas Code of Criminal Procedure provides that in forfeiture
proceedings, all parties must comply with the rules of pleadings as required in
civil suits.  Tex. Code Crim. Proc. Ann.
art. 59.05(a); see Park, 820 S.W.2d at 951.  The trial proceeds as in
other civil cases, and the State must prove that the property is subject to
forfeiture by a preponderance of the evidence.  Tex. Code Crim. Proc. Ann. art. 59.05(b).  Because Watkins
answered but then did not appear at trial, the State was still required to put
on evidence and prove its case.  See Stoner v. Thompson, 578 S.W.2d 679,
682 (Tex. 1979); Flores v. Brimex Ltd., 5 S.W.3d 816, 820 (Tex.
App.—San Antonio 1999, no pet.).  Because the State did this and Watkins does
not challenge the sufficiency of the evidence to support the trial court’s
post-answer default judgment, whether the affidavits are defective or
inadequate is ultimately irrelevant.





[2]               We will not address Watkins’s due-process
complaint relating to the seizing officer’s credibility and Watkins’s inability
to cross-examine the officer; that complaint relies solely on matters (evidence
apparently from Watkins’s federal criminal trial that is attached to Watkins’s
reply brief) outside of our record and were not before the trial court.  See
Tex. R. App. P. 34.1, 34.6; Till
v. Thomas, 10 S.W.3d 730, 733 (Tex. App.—Houston [1st Dist.] 1999, no pet.)
(“We cannot consider documents attached to an appellate brief that do not
appear in the record.  $429.30 v. State, 896 S.W.2d 363, 365 (Tex. App.—Houston
[1st Dist.] 1995, no writ).  This Court must hear and determine a case on the
record as filed, and may not consider documents attached as exhibits to
briefs.  RWL Const., Inc. v. Erickson, 877 S.W.2d 449, 451 (Tex. App.—Houston
[1st Dist.] 1994, no writ).”).