Robert POINDEXTER and Sixteen (16)
$1,000 Cashier's Checks, in Rem,
Appellants,

v.

The STATE of Texas, Appellee.

No. 13–90–042–CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 31, 1990.

Rehearing Overruled Jan. 31, 1991.

William H. Berry, Gail C. Dorn, Corpus Christi, for appellants.

Carlos Valdez, Co. Atty., Bradford M. Condit, Corpus Christi, for appellee.

Before BENAVIDES, KENNEDY and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

The trial court entered a post-answer default judgment in a forfeiture suit against Robert Poindexter, ordering that, among other things, sixteen $1,000 cashier's checks be forfeited to the Nueces County Sheriff. Poindexter, individually, and Sixteen $1,000 Cashier's Checks, in rem, (hereinafter "Poindexter") raise fourteen points of error challenging the trial court's jurisdiction, the trial court's failure to grant a new trial and the legal and factual sufficiency of the evidence to support the judgment. We reverse the trial court's judgment and remand the cause to the trial court for a new trial.

On March 20, 1989, the State of Texas filed its original petition and notice of seizure and forfeiture against Poindexter and specified property, alleging that sixteen $1,000 cashier's checks, among other things, "[were] derived and used, or intended to be used for the distribution, delivery or [were] derived from the sale of or distribution of a controlled substance in violation of Tex.Rev.Civ.Stat. art. 4476–15 § 5.03 (Vernon Supp.1989)." The State prayed that the property be forfeited to the Nueces County Sheriff's Department.

Subsequently, Poindexter filed a verified answer, asserting a general denial and that the cashier's checks were in his possession and were received from the sale of property and various other business enterprises in which he was involved, and were not subject to forfeiture. He prayed that the property be returned to him.

After a bench trial at which neither Poindexter nor his attorney of record appeared, the trial court entered judgment ordering that the property be forfeited to the Nueces County Sheriff. Subsequently, Poindexter filed a timely verified motion for new trial and motion to set aside the default judgment. Poindexter asserted that good cause existed for setting aside the default judgment due to counsel's inadvertence and mistake regarding the date of trial. He alleged a meritorious defense and that the State's case would neither be delayed nor prejudiced. Although Poindexter challenged the legal and factual sufficiency of the evidence to support the forfeiture, he requested relief only in the form of a new trial; Poindexter did not request judgment in the event there was no evidence to support the trial court's ruling.

At the initial hearing on the motion for new trial, Poindexter's attorney orally moved that the matter be dismissed for want of jurisdiction. The trial court granted a continuance on the hearing on the motion for new trial until the motion to dismiss for want of jurisdiction, or plea to the jurisdiction, was filed and the State had the opportunity to review the motion. Subsequently, the trial court overruled Poindexter's plea to the jurisdiction, held a hearing on Poindexter's motion for new trial, and after hearing evidence, denied it.

We first address Poindexter's five points of error challenging the jurisdiction of the

trial court. By his first point of error, Poindexter contends that the trial court does not have *in personam* jurisdiction because there is no basis in law which allows a judgment to be taken against a person individually in a forfeiture proceeding. By his second point of error, he contends that the trial court erred in entering a judgment and in failing to dismiss the claim for want of jurisdiction because neither the trial court nor the State ever had control over the cashier's checks. By his third point of error, Poindexter contends that the trial court erred in entering judgment because it never obtained jurisdiction over the cashier's checks or himself. By his fourth point of error, he contends that the judgment is moot because the trial court lost jurisdiction when thirteen of the checks were reissued and cashed. Poindexter's fifth point of error is a challenge to the trial court's subject matter jurisdiction.

■ We first address *in personam* jurisdiction. Poindexter contends that the trial court did not have jurisdiction over him because there is no basis in law which allows for a judgment to be taken against an individual in a forfeiture proceeding. He contends that forfeiture is an *in rem* proceeding only. The judgment in this case makes no mention of Poindexter; Poindexter is listed only in the caption as a party to the action. The judgment simply orders that the cashier's checks be forfeited to the State. Judgment against Poindexter in such a proceeding only affects him to the extent that he is the owner of the property which is subject to forfeiture.

The statute under which this forfeiture proceeding was held, Tex.Rev.Civ.Stat.Ann. art. 4476–15 § 5.05(b) (Vernon Supp.1988), provides that a certified copy of the notice of seizure and intended forfeiture be served upon the owner of the property by serving of process by citation in civil cases. Section 5.07(a) requires that the owner of the seized property file a verified answer to the notice. Tex.Rev.Civ.Stat.Ann. art.

4476–15 § 5.07(a) (Vernon Supp.1988). Such provisions in the statute require that Poindexter be made a party to the forfeiture proceeding. The State's notice of seizure and forfeiture stated that the checks had been seized from Poindexter. The evidence established that the checks were seized from Poindexter's apartment. Not only did evidence presented at trial identify Poindexter as the owner of the cashier's checks (the checks were issued in Poindexter's name) but also Poindexter admitted ownership in his answer. Since the statute required that Poindexter be a party to the suit, conferring *in personam* jurisdiction, and the judgment concerns only the cashier's checks, we find no error in the judgment which contains Poindexter's name in the caption.

■ We next address *in rem* jurisdiction. Poindexter complains regarding the lack of *in rem* jurisdiction, that the court never had jurisdiction over the checks because the State never cashed them. In the alternative, he argues that even if the court originally had jurisdiction over the checks, the jurisdiction was lost when thirteen of the checks were cashed. He contends that once custody of the checks was lost, so was the jurisdiction. The evidence showed that the cashier's checks had been held by the Nueces County Sheriff's Department for disposition pending seizure proceedings. While there was some discussion that the cashier's checks had been reissued and cashed, there was no evidence that the actual sixteen checks which were seized ever left the Sheriff's Department.[1] Generally when a court obtains jurisdiction of the parties and the subject matter, subsequent events will not divest it of jurisdiction. *Megason v. State*, 791 S.W.2d 221, 223 (Tex.App.—Corpus Christi 1990, writ denied). Since it is undisputed that the checks were in the Sheriff's possession at the time of filing the notice of forfeiture, it is clear that the court had jurisdiction over

---

1. Appellant's action of having the checks cancelled, reissued, and cashed is not the subject of this appeal. An *in rem* proceeding is a proceeding against certain property. Although release or removal of the *res* from the control of the court will terminate jurisdiction, jurisdiction remains over that property when the *res* is released accidentally, fraudulently, or improperly. *See Costello v. State*, 774 S.W.2d 722, 724 (Tex. App.—Corpus Christi 1989, writ denied).

the property. Moreover, even if the checks were cashed, this would affect the validity or value of the checks held by the State and not the question of whether the State may prove to be entitled to the actual checks seized and sought to be forfeited.

■ Lastly, we address Poindexter's challenge to the subject matter jurisdiction of the trial court. By his fifth point of error, Poindexter contends that the trial court did not have subject matter jurisdiction because the State failed to properly plead an amount in controversy. The right to bring a forfeiture cause exists by statute and not by virtue of the constitution or common law. *State v. Benavides*, 772 S.W.2d 271, 273 (Tex.App.—Corpus Christi 1989, writ denied). There is no statutory requirement that the property sought to be forfeited have a certain dollar value in order to convey jurisdiction. *See* Tex.Rev. Civ.Stat.Ann. art. 4476–15 § 5.03 (Vernon Supp.1988). We conclude that the trial court properly had jurisdiction over Poindexter and the cashier's checks. We overrule Poindexter's first, second, third, fourth, and fifth points of error.

■ By his thirteenth and fourteenth points of error, Poindexter contends that the trial court erred in failing to grant a new trial and in failing to set aside the default judgment. Since Poindexter answered but failed to appear for trial, the judgment in this case was a post-answer default judgment. *See Karl & Kelly Co. v. McLerran*, 646 S.W.2d 174, 175 (Tex.1983). In considering whether a new trial should be granted to set aside a default judgment, the rules which apply to a default judgment in which the defendant failed to answer also apply to a post-answer default judgment. *See Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex.1987); *Grissom v. Watson*, 704 S.W.2d 325, 326 (Tex.1986); *HST Gathering Co. v. Motor Serv., Inc.*, 683 S.W.2d 743, 745 (Tex.App.—Corpus Christi 1984, no writ). The guiding rule which trial courts apply in determining whether to grant a new trial follows:

A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Cliff*, 724 S.W.2d at 779 (citing *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted)). Poindexter, in his motion for new trial and in the evidence presented at the hearing thereon, showed that the failure to appear was the result of a mistake. Indeed, the State's attorney advised the court that it did not dispute that the failure to appear was a mistake. Poindexter's trial attorney testified how a mistake was made regarding the date of trial as a result of the confusion created by the State filing two separate forfeiture proceedings (one for the money and the checks and one for a car) in two different courts under the name "Poindexter" arising out of the same alleged transaction. Hearings in the two proceedings were scheduled one week apart. When the attorney had a scheduling problem with the date of this trial, he went to the court in which the car proceeding was scheduled and, because that court was also confused about which date its proceeding was scheduled, the wrong proceeding was rescheduled. We conclude that the failure of Poindexter's attorney to appear was not deliberate or the result of conscious indifference.

■ We next examine the record to see if a meritorious defense was presented. Poindexter's defense was that the cashier's checks were derived from the sale of real property and from his business income over the years and not derived from the sale of drugs. In a forfeiture proceeding, the State must prove a link or nexus between the property seized and the drugs. *See Valles v. State*, 646 S.W.2d 636, 638 (Tex. App.—Houston [1st Dist.] 1983, no writ). At the hearing, he presented evidence that the money for the cashier's checks came from the sale of real estate to the City of Corpus Christi. Admitted into evidence

was a copy of a title company's escrow account which related to a $108,883.50 sale of property by Poindexter to the City of Corpus Christi. This evidence is sufficient to set up a meritorious defense that the checks were not related to drugs.

 Finally, although the State does not argue the issue, we review the record to determine whether the granting of a motion for new trial would occasion delay or work an injury to the State. The motion for new trial should be denied when the granting of the motion would cause delay or injury to the plaintiff. *Guaranty County Mut. Ins. Co. v. Reyna,* 709 S.W.2d 647, 648 (Tex.1986) (citing *Craddock,* 133 S.W.2d at 126). The goal is not to injure the plaintiff or unduly delay him by granting the new trial. *Angelo v. Champion Restaurant Equipment Co.,* 713 S.W.2d 96, 98 (Tex.1986). In other words, the motion for new trial should be granted unless the granting would cause delay or injury. The purpose of the final element of the *Craddock* rule is to protect a plaintiff against undue delay or injury, such as loss of witnesses or other valuable evidence, which may disadvantage him in presenting the merits of his case at a new trial. *See Angelo,* 713 S.W.2d at 98. A review of the record in this case neither reveals injury or undue delay which would result if the case were to proceed to a new trial, nor does the State contend that undue delay would result. This, coupled with the allegation in the motion for new trial that no injury or delay would be caused by granting a new trial, should be sufficient when there is no controverting allegation by the plaintiff. *See Angelo,* 713 S.W.2d at 98.

 While we recognize that the question of whether to set aside a default judgment is addressed to the discretion of the trial court and will be overturned only upon a showing of abuse of discretion, such discretion is not unbridled. *HST Gathering Co.,* 683 S.W.2d at 745. When the conditions set forth above have been met, the trial court should grant a new trial. *Id.* We conclude that appellants met all the conditions required, and that it was error for the trial court to refuse to set aside the default judgment and grant a new trial. We sustain Poindexter's thirteenth and fourteenth points of error.

By his sixth through twelfth points of error, Poindexter contends that the trial court erred in entering judgment for the State because there was no evidence, the evidence was insufficient, or the judgment was against the great weight and preponderance of the evidence with regards to establishing a nexus or a substantial connection between: (1) the cashier's checks and alleged criminal activity and alleged drugs; or (2) Poindexter and the alleged criminal activity and alleged drugs. Because our disposition of points of error thirteen and fourteen, which require a remand for trial, we need not address Poindexter's factual sufficiency questions. Ordinarily, sustaining a legal sufficiency point results in reversal and rendition. However, Poindexter did not request that the trial court grant him a judgment but sought only a new trial. Since we cannot afford relief not requested from the trial court and we can only correct trial court error, we do not believe the legal sufficiency points are properly before us nor would it serve any purpose to address them. Accordingly, we do not address Poindexter's legal sufficiency points.

The trial court's judgment is reversed and the cause remanded for a new trial.