**The STATE of Texas, Appellant,**

v.

**LOT 10, PINE HAVEN ESTATES, and Ruth A. Stark and John L. Stark, Appellees.**

No. 06–95–00021–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 27, 1995.

Decided May 10, 1995.

Frank Long, Dist. Atty., Sulphur Springs, for appellant.

Michael H. Rodgers, Dallas, for appellee John L. Stark.

John V. McShane, Dallas, for appellee Ruth A. Stark.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

OPINION

GRANT, Justice.

The State of Texas appeals from a summary judgment denying its suit to confiscate property of John and Ruth Stark.

John Stark was convicted for committing the offense of indecency with a child in a cabin owned by him and his wife, Ruth Stark. The cabin is Located on Lot 8, Phase Two of the Pine Haven Estates, Franklin County, Texas. On February 21, 1992, Franklin County sheriff's officers seized Lot 8 by placing a barrier of yellow tape around the property. That day, the State filed its original notice of seizure and intention to forfeit against Lot 10. The Starks hold a ninety-nine-year lease on both of these noncontiguous lots. In his second amended answer, John Stark pointed out that the State had not filed on the property that it had seized. The State amended its pleadings to reflect the proper lot.

The Starks then moved for summary judgment because the State had failed to meet the mandatory requirements of the forfeiture provisions of the Code of Criminal Procedure in these respects: by failing to commence proceedings against the proper lot no later than thirty days after the date of seizure and by failing to file a *lis pendens* on the property. The State did not respond. On January 30, 1995, the trial court granted the motions and dismissed the State's cause with prejudice.

■ The question on appeal from a summary judgment granted to a defendant is not whether the summary judgment proof raises fact issues related to the essential elements of a plaintiff's cause of action, but whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex. 1991); *Farley v. Prudential Ins. Co.,* 480 S.W.2d 176 (Tex.1972). The movant has the burden to show that there is no genuine issue of fact and that the movant is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a. Evidence favorable to the nonmovant will be taken as true, every reasonable inference indulged in favor of the nonmovant, and all doubts are resolved in his favor. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986).

■ In the present case, the State did not file a response to the Starks' motions for summary judgment. Although a failure to file a response does not authorize a summary judgment by default, in the absence of a response expressly presenting to the trial court reasons for avoiding the movant's right to summary judgment, those matters may not be raised for the first time on appeal. *State Bd. of Ins. v. Westland Film Industries,* 705 S.W.2d 695, 696 (Tex.1986); *Cotton v. Ratholes, Inc.,* 699 S.W.2d 203, 205 (Tex. 1985).

■ The State's attempt to confiscate this property was made under the authority of TEX.CODE CRIM.PROC.ANN. art. 59.04 (Vernon Supp.1995):

(a) If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.

(b) A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made. The attorney representing the state must attach to the notice the peace officer's sworn statement under Article 59.03 of this code. The attorney representing the state shall cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases:

. . . .

(g) If the property is real property, the attorney representing the state, not later than the third day after the date proceedings are commenced, shall file a lis pendens notice describing the property with the county clerk of each county in which the property is located.

. . . .

(*l* ) Proceedings commenced under this chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with and that the attorney representing the state will introduce into evidence at the hearing any answer received from an in-

quiry required by Subsections (c)-(h) of this article.

The State's original petition in this case was entitled "The State of Texas v. Lot 10, Pine Haven Estates and John L. Stark." A forfeiture proceeding is an *in rem* proceeding. *State v. Rumfolo*, 545 S.W.2d 752, 754 (Tex. 1976); *Costello v. State*, 774 S.W.2d 722, 723 (Tex.App.—Corpus Christi 1989, writ denied); *Fleming v. State*, 704 S.W.2d 530, 531 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). The Starks were included as parties under the authority of the previously-quoted section, which provides that the owner of the property should be served with process in the same manner as in civil cases. *Poindexter v. State*, 802 S.W.2d 386, 388 (Tex.App.—Corpus Christi 1990, writ denied) (analyzing the previous version of this statute). Although the Starks are parties to the suit, a proper judgment will concern only the disposition of the property in question. *See Poindexter*, 802 S.W.2d at 388.

We must determine whether the State's filing of suit against the wrong property is sufficient to comply with the requirements of Article 59.04. Alternatively, we must decide whether the State's later amendment of its petition is adequate to meet the requirements of the article. Article 59.04(a) requires that when a peace officer seizes particular property, the attorney representing the State shall commence proceedings against the property no later than thirty days after the date of seizure. This Court has held that the thirty-day time limitation is not mandatory in all situations.

In *State v. Park*, 820 S.W.2d 948 (Tex. App.—Texarkana 1991, no writ), this Court held that the State's failure to attach the peace officer's sworn statement to the notice of seizure and intended forfeiture within the thirty-day time period was curable by amendment and that its absence did not prevent the State from commencing the cause of action for forfeiture. That case is distinguishable from the present case in that a petition for forfeiture was timely filed against the right property. The State also cites *One 1979 Jeep VIN No. J9F93EH055249 v. State*, 702 S.W.2d 781 (Tex.App.—Fort Worth), *rev'd on other grounds*, 713 S.W.2d 693 (Tex.

1986). The Fort Worth Court of Appeals held that error had not properly been preserved.

There is no question in the present case that the State failed to meet the explicit requirements of the statute. The State did not commence proceedings against the property seized within thirty days of the date of its seizure.

■ This case involves the interpretation of a forfeiture statute. The law abhors forfeitures and construes them strictly against the forfeiture when they are a matter of contract. *See Williams v. Northrup*, 649 S.W.2d 740, 746 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Parham v. Glass Club Lake, Inc.*, 533 S.W.2d 96, 99 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). These same rules of strict construction against forfeiture should also be utilized when the forfeiture is to the sovereign and is created by statute. *State v. Rivera*, 804 S.W.2d 141, 142 (Tex. App.—Corpus Christi 1990, writ denied); *see State v. Young's Market Co.*, 369 S.W.2d 659, 662 (Tex.Civ.App.—Eastland 1963, writ ref'd n.r.e.).

■ In addition, the United States Supreme Court has recently held that forfeiture provisions of this type are penal in nature for purposes of double jeopardy. In *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), the Court expanded the scope of double jeopardy "punishment" to include civil penalties. Statutes which are penal in nature and authorize punishment must be strictly construed. *Littles v. State*, 726 S.W.2d 26, 28 (Tex.Crim.App. 1984); *Broady v. Johnson*, 763 S.W.2d 832 (Tex.App.—Texarkana 1988, no writ); *see Ex parte Camara*, 893 S.W.2d 553 (Tex.App.—Corpus Christi 1994, no pet. h.). We hold that the provision requiring that the suit to forfeit property be brought within thirty days must be strictly construed.

■ The evidence presented to the trial court and unrebutted by the State supports the granting of a summary judgment by the trial judge under the standard set forth. The judgment of the trial court is affirmed.

CORNELIUS, Chief Justice, concurring.

I agree that the judgment should be affirmed, but I would affirm it only because the State failed to file the *lis pendens* notice as required by the statute.

I do not agree that the misdesignation of the lot was fatal to the State's case. The misdesignation did not mislead anyone; the physical seizure was on the correct lot, Lot 8; and all parties knew full well that Lot 8 was the lot being forfeited. There was no intervening right of innocent parties affected, and the misdesignation was promptly corrected by an amendment.

Because I agree that the failure to file the *lis pendens* was fatal to the State's case, I concur in the majority opinion to that extent and in the judgment.