NO. 07-02-0464-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



DECEMBER 3, 2002


______________________________



PATRICIA LYNN KYLES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 86473; HON. CHARLES D. CARVER, PRESIDING


_______________________________



ORDER DIRECTING FILING OF REPORTER'S RECORD


__________________________________


Before QUINN, REAVIS and JOHNSON, JJ.

 Appellant, Patricia Lynn Kyles, appeals her conviction for felony theft. Appellant
received a sentence of six years confinement in the Texas Department of Criminal Justice,
Institutional Division. Notice of appeal was timely filed in the trial court on September 27,
2002. The clerk's record was subsequently filed on October 15, 2002, and the reporter's
record was due to be filed on November 4, 2002. On November 19, 2002, this Court sent 
a letter requesting Margaret Thorne, the official court reporter, to complete and file a
reporter's request form by November 29, 2002. See Tex. R. App. P. 35.3(b). No response
or motion requesting an extension of time to file the reporter's record was received by this
Court. 

 Accordingly, we order Margaret Thorne, the official court reporter for the Criminal
District Court of Jefferson County, to transcribe and file with the Clerk of this Court a
reporter's record as required by the Texas Rules of Appellate Procedure and
encompassing the trial had in cause number 86473. Said record shall include all
argument, evidence, and exhibits presented to the court during trial, as well as any pre-trial
and post-trial hearings conducted by the court in said cause. We further order Margaret
Thorne to file the complete reporter's record in a manner by which it will be received by the
Clerk of this Court on or before 5:00 p.m. on December 27, 2002. No further motions for
extension of time will be considered. Lastly, the failure to file the reporter's record by the
date stated herein may result in a hearing requiring Ms. Thorne to show cause why she
should not be held in contempt, a complaint to the body governing certified court reporters,
appropriate sanctions, or abatement and remand to the trial court for appropriate action.

 It is so ordered.

 Per Curiam

Do not publish.



sponse to the petition, Brucker filed a general
denial. (4) 

 Following six months of discovery, the State filed a combination traditional and no-evidence motion for summary judgment, (5) relying upon article 18.18 as authority for relief. 
As grounds for the traditional motion, the State asserted the summary judgment evidence
conclusively established that the seized eight-liners were gambling devices and/or
gambling paraphernalia, and that the cash and gift certificates were gambling proceeds. 
In support of the no-evidence motion, the State alleged there was no evidence the eight-liners, cash, and gift certificates did not wholly consist of gambling devices and/or gambling
paraphernalia, and gambling proceeds, respectively. The summary judgment evidence
consisted of Howington's affidavit in support of the search warrant, the search warrant, and
Brucker's responses to the State's requests for admissions. 

 In his response to the State's motion for summary judgment, Brucker claimed
Howington's affidavit was not probative as summary judgment evidence because it was
"vague, overbroad, [and] conclusionary." (6) Brucker also suggested: (1) the eight-liners were
legally operated pursuant to section 47.01(4)(B) of the Texas Penal Code (Vernon 2003),
commonly known as the fuzzy animal exception; and (2) his attached affidavit to that effect
raised a genuine issue of material fact sufficient to preclude a traditional summary
judgment. Additionally, he asserted a no-evidence summary judgment was inappropriate
because the State failed to establish it had complied with the procedural requirements of
article 18.18. 

 Concluding there was no genuine issue of material fact, in January 2003, the trial
court rendered summary judgment in favor of the State on both traditional and no-evidence
grounds. Specifically, the court concluded as a matter of law that the seized property
constituted gambling devices and gambling proceeds and was, thus, subject to forfeiture
under article 18.18. Additionally, the court found there to be no evidence to support any
claim under section (f) of article 18.18 that the property, currency, and gift certificates
seized from Prize Palace were not gambling devices, paraphernalia, or proceeds. 

 By four points of error, Brucker claims: (1) his due process rights were violated by
the trial court's failure to abide by the mandatory terms of article 18.18; (2) the trial court
lacked jurisdiction to hear the State's motion for summary judgment because of its failure
to have a show cause hearing as required by article 18.18; (3) the trial court improperly
granted the motion for summary judgment when disputed fact issues remained; and (4)
"the search warrant used to seized [sic] Appellant's [Brucker's] property was defective." 
We will consider Brucker's first and third points contemporaneously.

Standard of Review-Traditional Motion



 Where, as here, the trial court's order explicitly specifies the ground relied upon for
the summary judgment ruling, the ruling can only be affirmed if the theory is meritorious;
otherwise the case must be remanded. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 381 (Tex. 1993). For a movant to prevail in the context of a traditional summary
judgment, he must conclusively establish: (1) the absence of any genuine question of
material fact; and (2) he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all
essential elements of his claim, or negate at least one essential element of the
nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
determining whether summary judgment was proper, we review the evidence in the light
most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and
resolving all doubts as to the existence of a genuine issue of material fact in its favor. 
Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the
movant has established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any issues that
would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Because our analysis of Brucker's first and third points controls our
disposition of the case, we need not address the standard of review for a no-evidence
motion for summary judgment. 

 By points one and three, Brucker argues he was not afforded the notice and
opportunity to be heard mandated by article 18.18, and a genuine issue of material fact
existed precluding summary judgment. We agree. Statutory proceedings seeking
forfeiture of property are civil in nature; therefore, the Texas Rules of Civil Procedure apply. 
See Hardy v. State, 102 S.W.3d 123, 126 (Tex. 2003); see also F & H Investments, Inc.
v. State, 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Because the law abhors
a forfeiture, statutes authorizing forfeiture are strictly construed. See State v. Lot 10, Pine
Haven Estates, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ) (affirming trial
court's denial of State's motion for summary judgment in suit seeking forfeiture of
property). Here, the record does not reveal whether an article 18.18 show cause hearing
was conducted following seizure of the property from Prize Palace. Instead, the State
sought forfeiture of that property through a motion for summary judgment under Rule 166a
of the Texas Rules of Civil Procedure. By the motion, the State alleged article 18.18
authorized the relief it sought. Among other things, that statute requires the magistrate to
whom the search warrant is returned: (1) to provide written notification of the seizure and
imminent forfeiture to the person found in possession of the property; (2) to include a
detailed description of the seized property in the notice; and (3) to send the required notice
via certified mail, return receipt requested. See art. 18.18 (b), (c), & (d). Additionally, the
statute affords any person interested in the seized property the opportunity to appear
before the magistrate for a show cause hearing on the 20th day following the date the
notice was mailed or posted. See art. 18.18 (e) & (f). 

 Brucker does not contend that a motion for summary judgment is not an
appropriate alternative to a show cause hearing; therefore, we need not determine whether
the procedure set out in article 18.18 is the exclusively authorized procedure for disposing
of gambling devices, paraphernalia, and proceeds. However, notice and hearing are the
process used to protect a property interest. Elm Creek Owners v. H.O.K. Investments, 12
S.W.3d 494, 498 (Tex.App.-San Antonio 1999, no pet.). (7) Therefore, because the State
expressly based its pleadings and motion for summary judgment upon article 18.18 as
authority for forfeiture of the property, it was required to show compliance with the notice
procedures mandated by that article. Accordingly, to establish its entitlement to summary
judgment under the statute, it was necessary for the State to provide summary judgment
evidence demonstrating written notice was provided. We cannot discern from the record
whether such notice was given. As a result, the State failed to establish its right to
summary judgment, and the burden did not shift to Brucker to respond to the motion for
summary judgment or present the trial court any issues that would preclude it. Clear Creek
Basin, 589 S.W.2d at 678. (8) Brucker's first and third points are sustained. Our disposition
of these points precludes our consideration of his remaining points. 

 Accordingly, the judgment of the trial court is reversed and the cause is remanded 
for further proceedings. 


 Don H. Reavis

 Justice


 


 



1. All references to articles are to the Texas Code of Criminal Procedure unless
otherwise designated. (Vernon Supp. 2004). 
2. In its petition, the State requested citation be issued to Olivia Rodriguez and Billy
Stone, who were, respectively, alleged to be the person found in possession of the seized
property and the operator of the business where the seized property was located. Neither
of those individuals is a party to this appeal. 
3. The judge of the 181st District Court was the magistrate who authorized the search
warrant.
4. Brucker did not designate his answer to be included in the clerk's record; however,
the State concedes an answer was filed. 
5. See Tex. R. Civ. P. 166a(c) & (i).
6. Although it appears from the record he was not present when the search warrant
was executed, Brucker conceded in his responses to the State's requests for admissions
that he was the owner of all the eight-liners seized from Prize Palace. 
7. See also Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised, except by due
course of the law of the land). (Emphasis added).
8. The issues considered here were not presented in Twenty-Nine (29) Gambling
Devices v. State, 110 S.W.2d 146 (Tex.App.-Amarillo 2003, no pet. h.).