NO. 07-03-0133-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 20, 2004



______________________________




FORTY-ONE (41) GAMBLING DEVICES, SIXTEEN THOUSAND 

SIX HUNDRED FORTY-EIGHT DOLLARS ($16,648.00) IN 

UNITED STATES CURRENCY AND EIGHT HUNDRED FORTY 

DOLLARS ($840.00) IN GIFT CERTIFICATES, APPELLANT


V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;



NO. 89,868-B; HONORABLE JOHN B. BOARD, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Presenting four points of error, Marty Vanaman, Jr. challenges the trial court's
rendition of a summary judgment forfeiting his property, including 41 eight-liner gambling
devices, $16,648 in cash, and $840 in gift certificates pursuant to article 18.18 of the Texas
Code of Criminal Procedure. (1) Based upon the following rationale, we reverse and remand. 

 On November 5, 2001, Dan Howington, an undercover officer with the Panhandle
Regional Narcotics Trafficking Task Force, entered Ninth Street Amusements and played
a machine commonly known as an eight-liner. After compiling a number of credits on the
machine, he advised a Ninth Street employee that he wanted to cash out. The employee
tabulated the amount owed Howington by the machine and paid him that sum in cash. 
During his stay at Ninth Street, Howington noticed approximately 40 other machines, each
of which appeared to operate in the same manner as the device on which he played. 
Howington also observed that Ninth Street appeared to engage in no other commercial
venture but the operation of eight-liners. 

 Based upon his investigation, Howington, on December 12, 2001, obtained a search
warrant commanding the seizure from Ninth Street of all gambling devices, gambling
paraphernalia, and coupons or gift certificates, or any other proceeds derived from the
operation of the gambling devices or paraphernalia. While executing the warrant, officers
seized the property described above. On May 14, 2002, the State, electing not to proceed
with a criminal prosecution, filed a petition seeking forfeiture of the eight-liners, cash, and
gift certificates pursuant to article 18.18. (2) By its petition, the State asserted the District
Court (3) had jurisdiction to hear the action, and alleged it had satisfied all conditions
precedent to filing or maintaining it. In response to the petition, Vanaman filed a general
denial. (4) 

 Following six months of discovery, the State filed a combination traditional and no-evidence motion for summary judgment, (5) relying upon article 18.18 as authority for relief. 
As grounds for the traditional motion, the State asserted the summary judgment evidence
conclusively established that the seized eight-liners were gambling devices and/or
gambling paraphernalia, and that the cash and gift certificates were gambling proceeds. 
In support of the no-evidence motion, the State alleged there was no evidence the eight-liners, cash, and gift certificates did not wholly consist of gambling devices and/or gambling
paraphernalia, and gambling proceeds, respectively. The summary judgment evidence
consisted of Howington's affidavit in support of the search warrant, the search warrant, and
Vanaman's responses to the State's requests for admissions. 

 In his response to the State's motion for summary judgment, Vanaman claimed
Howington's affidavit was not probative as summary judgment evidence because it
"purported to be that of an expert witness and a fact witness to all necessary elements of
the State's case." Vanaman also suggested the eight-liners were legally operated pursuant
to section 47.01(4)(B) of the Texas Penal Code (Vernon 2003), commonly known as the
fuzzy animal exception. Additionally, he asserted a no-evidence summary judgment was
inappropriate because the State failed to establish it had complied with the procedural
requirements of article 18.18. 

 Concluding there was no genuine issue of material fact, in January 2003, the trial
court rendered summary judgment in favor of the State on both traditional and no-evidence
grounds. Specifically, the court concluded as a matter of law that the seized property
constituted gambling devices and gambling proceeds and was, thus, subject to forfeiture
under article 18.18. Additionally, the court found there to be no evidence to support any
claim under section (f) of article 18.18 that the property, currency, and gift certificates
seized from Ninth Street were not gambling devices, paraphernalia, or proceeds. 

 By four points of error, Vanaman claims: (1) his due process rights were violated
by the trial court's failure to abide by the mandatory terms of article 18.18; (2) the trial court
lacked jurisdiction to hear the State's motion for summary judgment because of its failure
to have a show cause hearing as required by article 18.18; (3) the trial court improperly
granted the motion for summary judgment when disputed fact issues remained; and (4)
"the search warrant used to seized [sic] Appellant's [Vanaman's] property was defective." 
We will consider Vanaman's first and third points contemporaneously.

Standard of Review-Traditional Motion



 Where, as here, the trial court's order explicitly specifies the ground relied upon for
the summary judgment ruling, the ruling can only be affirmed if the theory is meritorious;
otherwise the case must be remanded. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d
374, 381 (Tex. 1993). For a movant to prevail in the context of a traditional summary
judgment, he must conclusively establish: (1) the absence of any genuine question of
material fact; and (2) he is entitled to judgment as a matter of law. Nixon v. Mr. Property
Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all
essential elements of his claim, or negate at least one essential element of the
nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When
determining whether summary judgment was proper, we review the evidence in the light
most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and
resolving all doubts as to the existence of a genuine issue of material fact in its favor. 
Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the
movant has established a right to summary judgment, the nonmovant has the burden to
respond to the motion for summary judgment and present to the trial court any issues that
would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678
(Tex. 1979). Because our analysis of Vanaman's first and third points controls our
disposition of the case, we need not address the standard of review for a no-evidence
motion for summary judgment. 

 By points one and three, Vanaman argues he was not afforded the notice and
opportunity to be heard mandated by article 18.18, and a genuine issue of material fact
existed precluding summary judgment. We agree. Statutory proceedings seeking
forfeiture of property are civil in nature; therefore, the Texas Rules of Civil Procedure apply. 
See Hardy v. State, 102 S.W.3d 123, 126 (Tex. 2003); see also F & H Investments, Inc.
v. State, 55 S.W.3d 663, 668 (Tex.App.-Waco 2001, no pet.). Because the law abhors
a forfeiture, statutes authorizing forfeiture are strictly construed. See State v. Lot 10, Pine
Haven Estates, 900 S.W.2d 400, 402 (Tex.App.-Texarkana 1995, no writ) (affirming trial
court's denial of State's motion for summary judgment in suit seeking forfeiture of
property). Here, because there was no show cause hearing, the State sought forfeiture of
the property seized from Ninth Street through a motion for summary judgment under Rule
166a of the Texas Rules of Civil Procedure. By the motion, the State alleged article 18.18
authorized the relief it sought. Among other things, that statute requires the magistrate to
whom the search warrant is returned: (1) to provide written notification of the seizure and
imminent forfeiture to the person found in possession of the property; (2) to include a
detailed description of the seized property in the notice; and (3) to send the required notice
via certified mail, return receipt requested. See art. 18.18 (b), (c), & (d). Additionally, the
statute affords any person interested in the seized property the opportunity to appear
before the magistrate for a show cause hearing on the 20th day following the date the
notice was mailed or posted. See art. 18.18 (e) & (f). 

 Vanaman does not contend that a motion for summary judgment is not an
appropriate alternative to a show cause hearing; therefore, we need not determine whether
the procedure set out in article 18.18 is the exclusively authorized procedure for disposing
of gambling devices, paraphernalia, and proceeds. However, notice and hearing are the
process used to protect a property interest. Elm Creek Owners v. H.O.K. Investments, 12
S.W.3d 494, 498 (Tex.App.-San Antonio 1999, no pet.). (6) Therefore, because the State
expressly based its pleadings and motion for summary judgment upon article 18.18 as
authority for forfeiture of the property, it was required to show compliance with the notice
procedures mandated by that article. Accordingly, to establish its entitlement to summary
judgment under the statute, it was necessary for the State to provide summary judgment
evidence demonstrating written notice was provided. We cannot discern from the record
whether such notice was given. As a result, the State failed to establish its right to
summary judgment, and the burden did not shift to Vanaman to respond to the motion for
summary judgment or present the trial court any issues that would preclude it. Clear Creek
Basin, 589 S.W.2d at 678. (7) Vanaman's first and third points are sustained. Our
disposition of these points precludes our consideration of his remaining points. 

 Accordingly, the judgment of the trial court is reversed and the cause is remanded 
for further proceedings. 


 Don H. Reavis

 Justice


 


 




1. All references to articles are to the Code of Criminal Procedure unless otherwise
designated. (Vernon Supp. 2004). 
2. In its petition, the State requested citation be issued to Vanaman and Cynthia
Lloyd, who was alleged to be the person found in possession of the seized property. Lloyd,
however, is not a party to this appeal. 
3. The judge of the 181st District Court was the magistrate who authorized the search
warrant.
4. Vanaman did not designate his answer to be included in the clerk's record;
however, the State concedes an answer was filed. 
5. See Tex. R. Civ. P. 166a(c) & (i).
6. See also Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life,
liberty, property, privileges or immunities, or in any manner disfranchised, except by due
course of the law of the land). (Emphasis added).
7. The issues considered here were not presented in Twenty-Nine (29) Gambling
Devices v. State, 110 S.W.2d 146 (Tex.App.-Amarillo 2003, no pet. h.).