NO. 07-03-0132-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 20, 2004

_____


FIFTY-SIX (56) GAMBLING DEVICES, EIGHT THOUSAND
THREE HUNDRED THIRTEEN DOLLARS ($8313.00) IN UNITED
STATES CURRENCY AND FOUR HUNDRED DOLLARS
($400.00) IN GIFT CERTIFICATES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 89,860-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**


Presenting four points of error, Craig Brucker challenges the trial court's rendition

of a summary judgment forfeiting his property, including 56 eight-liner gambling devices,

$8,313 in cash, and $400 in gift certificates pursuant to article 18.18 of the Texas Code of Criminal Procedure.[1]   Based upon the following rationale, we reverse and remand.

On November 5, 2001, Dan Howington, an undercover officer with the Panhandle Regional Narcotics Trafficking Task Force, entered Prize Palace Amusements and played a machine commonly known as an eight-liner.  After compiling a number of credits on the machine, he advised a Prize Palace employee that he wanted to cash out.  The employee tabulated the amount owed Howington by the machine and paid him that sum in cash. During his stay at Prize Palace, Howington noticed approximately 40 other machines, each of which appeared to operate in the same manner as the device on which he played. Howington also observed that Prize Palace appeared to engage in no other commercial venture but the operation of eight-liners.

Based upon his investigation, Howington, on December 12, 2001, obtained a search warrant commanding the seizure from Prize Palace of all gambling devices, gambling paraphernalia, and coupons or gift certificates, or any other proceeds derived from the operation of the gambling devices or paraphernalia.  While executing the warrant, officers seized the property described above.  On May 10, 2002, the State, electing not to proceed with a criminal prosecution, filed a petition seeking forfeiture of the eight-liners, cash, and

---

[1]All references to articles are to the Texas Code of Criminal Procedure unless otherwise designated.  (Vernon Supp. 2004).

gift certificates pursuant to article 18.18.[2]  By its petition, the State asserted the District Court[3] had jurisdiction to hear the action, and alleged it had satisfied all conditions precedent to filing or maintaining it.  In response to the petition, Brucker filed a general denial.[4]

Following six months of discovery, the State filed a combination traditional and no-evidence motion for summary judgment,[5] relying upon article 18.18 as authority for relief.  As grounds for the traditional motion, the State asserted the summary judgment evidence conclusively established that the seized eight-liners were gambling devices and/or gambling paraphernalia, and that the cash and gift certificates were gambling proceeds.  In support of the no-evidence motion, the State alleged there was no evidence the eight-liners, cash, and gift certificates did not wholly consist of gambling devices and/or gambling paraphernalia, and gambling proceeds, respectively.  The summary judgment evidence consisted of Howington's affidavit in support of the search warrant, the search warrant, and Brucker's responses to the State's requests for admissions.

---

[2]In its petition, the State requested citation be issued to Olivia Rodriguez and Billy Stone, who were, respectively, alleged to be the person found in possession of the seized property and the operator of the business where the seized property was located.  Neither of those individuals is a party to this appeal.

[3]The judge of the 181st District Court was the magistrate who authorized the search warrant.

[4]Brucker did not designate his answer to be included in the clerk's record; however, the State concedes an answer was filed.

[5]See Tex. R. Civ. P. 166a(c) & (i).

In his response to the State's motion for summary judgment, Brucker claimed Howington's affidavit was not probative as summary judgment evidence because it was "vague, overbroad, [and] conclusionary."[6] Brucker also suggested: (1) the eight-liners were legally operated pursuant to section 47.01(4)(B) of the Texas Penal Code (Vernon 2003), commonly known as the fuzzy animal exception; and (2) his attached affidavit to that effect raised a genuine issue of material fact sufficient to preclude a traditional summary judgment. Additionally, he asserted a no-evidence summary judgment was inappropriate because the State failed to establish it had complied with the procedural requirements of article 18.18.

Concluding there was no genuine issue of material fact, in January 2003, the trial court rendered summary judgment in favor of the State on both traditional and no-evidence grounds. Specifically, the court concluded as a matter of law that the seized property constituted gambling devices and gambling proceeds and was, thus, subject to forfeiture under article 18.18. Additionally, the court found there to be no evidence to support any claim under section (f) of article 18.18 that the property, currency, and gift certificates seized from Prize Palace were not gambling devices, paraphernalia, or proceeds.

By four points of error, Brucker claims: (1) his due process rights were violated by the trial court's failure to abide by the mandatory terms of article 18.18; (2) the trial court

---

[6]Although it appears from the record he was not present when the search warrant was executed, Brucker conceded in his responses to the State's requests for admissions that he was the owner of all the eight-liners seized from Prize Palace.

lacked jurisdiction to hear the State's motion for summary judgment because of its failure to have a show cause hearing as required by article 18.18; (3) the trial court improperly granted the motion for summary judgment when disputed fact issues remained; and (4) "the search warrant used to seized [sic] Appellant's [Brucker's] property was defective." We will consider Brucker's first and third points contemporaneously.

## Standard of Review–Traditional Motion

Where, as here, the trial court's order explicitly specifies the ground relied upon for the summary judgment ruling, the ruling can only be affirmed if the theory is meritorious; otherwise the case must be remanded. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993). For a movant to prevail in the context of a traditional summary judgment, he must conclusively establish: (1) the absence of any genuine question of material fact; and (2) he is entitled to judgment as a matter of law. Nixon v. Mr. Property Management, 690 S.W.2d 546, 548-49 (Tex. 1985). A movant must either prove all essential elements of his claim, or negate at least one essential element of the nonmovant's cause of action. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986) and Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). When determining whether summary judgment was proper, we review the evidence in the light most favorable to the nonmovant taking all evidence in favor of the nonmovant as true and resolving all doubts as to the existence of a genuine issue of material fact in its favor. Harwell v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). Once the

5

movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude it . City of Houston v. Clear Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). Because our analysis of Brucker's first and third points controls our disposition of the case, we need not address the standard of review for a no-evidence motion for summary judgment.

By points one and three, Brucker argues he was not afforded the notice and opportunity to be heard mandated by article 18.18, and a genuine issue of material fact existed precluding summary judgment. We agree. Statutory proceedings seeking forfeiture of property are civil in nature; therefore, the Texas Rules of Civil Procedure apply. *See* Hardy v. State, 102 S.W.3d 123, 126 (Tex. 2003); *see also* F & H Investments, Inc. v. State, 55 S.W.3d 663, 668 (Tex.App.–Waco 2001, no pet.). Because the law abhors a forfeiture, statutes authorizing forfeiture are strictly construed. *See* State v. Lot 10, Pine Haven Estates, 900 S.W.2d 400, 402 (Tex.App.–Texarkana 1995, no writ) (affirming trial court's denial of State's motion for summary judgment in suit seeking forfeiture of property). Here, the record does not reveal whether an article 18.18 show cause hearing was conducted following seizure of the property from Prize Palace. Instead, the State sought forfeiture of that property through a motion for summary judgment under Rule 166a of the Texas Rules of Civil Procedure. By the motion, the State alleged article 18.18 authorized the relief it sought. Among other things, that statute requires the magistrate to whom the search warrant is returned: (1) to provide written notification of the seizure and

6

imminent forfeiture to the person found in possession of the property; (2) to include a detailed description of the seized property in the notice; and (3) to send the required notice via certified mail, return receipt requested. *See* art. 18.18 (b), (c), & (d). Additionally, the statute affords any person interested in the seized property the opportunity to appear before the magistrate for a show cause hearing on the 20th day following the date the notice was mailed or posted. *See* art. 18.18 (e) & (f).

Brucker does not contend that a motion for summary judgment is not an appropriate alternative to a show cause hearing; therefore, we need not determine whether the procedure set out in article 18.18 is the exclusively authorized procedure for disposing of gambling devices, paraphernalia, and proceeds. However, notice and hearing are the process used to protect a property interest. Elm Creek Owners v. H.O.K. Investments, 12 S.W.3d 494, 498 (Tex.App.–San Antonio 1999, no pet.).[7] Therefore, because the State expressly based its pleadings and motion for summary judgment upon article 18.18 as authority for forfeiture of the property, it was required to show compliance with the notice procedures mandated by that article. Accordingly, to establish its entitlement to summary judgment under the statute, it was necessary for the State to provide summary judgment evidence demonstrating written notice was provided. We cannot discern from the record whether such notice was given. As a result, the State failed to establish its right to

---

[7]*See also* Tex. Const. art. I, § 19 (No citizen of this State shall be deprived of life, liberty, *property*, privileges or immunities, or in any manner disfranchised, *except by due course of the law of the land*). (Emphasis added).

7

summary judgment, and the burden did not shift to Brucker to respond to the motion for summary judgment or present the trial court any issues that would preclude it. *Clear Creek Basin*, 589 S.W.2d at 678.[8] Brucker's first and third points are sustained. Our disposition of these points precludes our consideration of his remaining points.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Don H. Reavis
Justice

---

[8]The issues considered here were not presented in Twenty-Nine (29) Gambling Devices v. State, 110 S.W.2d 146 (Tex.App.–Amarillo 2003, no pet. h.).