In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00011-CV


______________________________




1988 DODGE PICKUP, VIN #JB7FL55E8JP016457, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 8th Judicial District Court


 Franklin County, Texas


Trial Court No. 10,134




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Though Tammy Rogers had a pending divorce proceeding against Charles Rogers, (1) she was
still his wife on May 17, 2005, when the State of Texas seized her 1988 Dodge pickup truck based
on Charles' alleged use of the truck to further his commission of a narcotics trafficking offense. On
July 23, 2005, the State filed its original notice of seizure and intent to forfeit the truck alleging that
the pickup was contraband under Chapter 481 of the Texas Health and Safety Code and that,
therefore, the pickup was subject to seizure under Chapter 59 of the Texas Code of Criminal
Procedure. 

 The trial court entered a default judgment in favor of the State and ordered the forfeiture of
the truck. Tammy now appeals, raising five points of error, which have not been responded to by
the State. (2) We reverse the judgment of the trial court because, although (1) this Court has appellate
jurisdiction over this restricted appeal, (2) the State failed to timely file its original petition for
forfeiture, and (3) the trial court granted a default judgment too early.



(1) This Court Has Appellate Jurisdiction Over this Restricted Appeal

 The default judgment was signed July 22, 2005, and filed August 3, 2005. Tammy filed a
motion for new trial September 1, 2005. (3) The trial court denied Tammy's new trial motion
December 16, 2005. 

 A party's notice of appeal must be filed in a civil case within thirty days of the date of
judgment unless the party timely files a motion for new trial or other post-judgment motion, in which
case the deadline for filing the notice of appeal is extended until ninety days after the date of the
judgment. Tex. R. App. P. 26.1(c). A motion for new trial must be filed in a civil case within thirty
days of the date of judgment. Tex. R. Civ. P. 329b(a). In this case, Tammy did not file a motion for
new trial or a notice of appeal within thirty days of the trial court's judgment. It would, therefore,
appear that Tammy's appeal was late.

 But, under some circumstances, a restricted appeal may be filed at any time within the six
months following the date of judgment. Tex. R. App. P. 26.1(c).

A party who did not participate--either in person or through counsel--in the hearing
that resulted in the judgment complained of and who did not timely file a
postjudgment motion or request for findings of fact and conclusions of law, or a
notice of appeal within the time permitted by Rule 26.1(a), may file a notice of
appeal within the time permitted by Rule 26.1(c). Restricted appeals replace the writ
of error appeals to the court of appeals. Statutes pertaining to writ of error appeals
to the court of appeals apply equally to restricted appeals.


Tex. R. App. P. 30.

 Tammy has brought a restricted appeal, and her notice of restricted appeal was filed within
six months after the trial court entered its default judgment. The record before us shows she did not
participate in the proceedings that resulted in the adverse judgment: she did not file an answer or
any other responsive pleadings, nor did she file her motion for new trial within thirty days of the
default judgment, as required by Rule 329b(a) of the Texas Rules of Civil Procedure. See Tex. R.
Civ. P. 329b(a). Accordingly, her restricted appeal is timely and proper, and we have jurisdiction
to consider the issues now raised. 

(2) The State Failed to Timely File Its Original Petition for Forfeiture

 Tammy contends the trial court lacked jurisdiction to enter a default judgment because the
State failed to comply with the thirty-day filing deadline under Article 59.04 of the Texas Code of
Criminal Procedure. Article 59.04 requires the State to commence any forfeiture proceedings "not
later than the 30th day after the date of the seizure." Tex. Code Crim. Proc. Ann. art. 59.04
(Vernon Supp. 2006). This provision requiring a forfeiture suit to be brought within thirty days shall
be strictly construed. State v. Lot 10, Pine Haven Estates, 900 S.W.2d 400, 402 (Tex.
App.--Texarkana 1995, no writ). If the State fails to commence a forfeiture proceeding within the
mandatory thirty-day time limit, a judgment against the State is proper. Id.

 The State's seizure of Tammy's property occurred May 17, 2005, according to the State's
original petition. The State did not file its original petition in this seizure suit until more than sixty
days later--well beyond the statutory deadline. The State did not allege or demonstrate that the
seizure occurred on any different date. Therefore, the record affirmatively shows the State failed to
meet the statutory deadline for filing its claim. As it did not meet the required deadline, the State
cannot be said to have properly invoked the trial court's jurisdiction. Accordingly, the judgment in
the court below is void for want of jurisdiction. Since the State cannot remedy this problem, we 
vacate the trial court's judgment and dismiss these proceedings with prejudice against the State.

(3) The Trial Court Granted a Default Judgment Too Early

 We also address Tammy's contention the trial court erred by prematurely granting a default
judgment in favor of the State. Because this is a restricted appeal, Tammy must demonstrate the
alleged error is apparent on the face of the record in order to prevail in this forum. Cf. Renaissance
Park v. Davila, 27 S.W.3d 252, 255 (Tex. App.--Austin 2000, no pet.).

 Citation for the State's lawsuit was served on both Tammy and Charles via certified mail. 
Both "green cards" (acknowledging delivery and receipt of the State's petition) appear in the record. 
The "green card" for service on Tammy was received and signed for by her June 30, 2005. The
"green card" for service on Charles was received and signed for by Tammy July 6, 2005. The trial
court entered a default judgment in favor of the State sixteen days later, on July 22, 2006. Our rules of civil procedure set out when a default judgment may be taken:

Upon such call of the docket, or at any time after a defendant is required to answer,
the plaintiff may in term time take judgment by default against such defendant if he
[or she] has not previously filed an answer, and provided that the citation with the
officer's return thereon shall have been on file with the clerk for the length of time
required by Rule 107.


Tex. R. Civ. P. 239 (emphasis added).

No default judgment shall be granted in any cause until the citation, or process under
Rules 108 or 108a, with proof of service as provided by this rule or by Rules 108 or
108a, or as ordered by the court in the event citation is executed under Rule 106,
shall have been on file with the clerk of court ten days, exclusive of the day of filing
and the day of judgment.


Tex. R. Civ. P. 107. Rule 106(a)(2) of the Texas Rules of Civil Procedure permits a plaintiff to
serve a defendant by certified mail, return receipt requested. See Tex. R. Civ. P. 106(a)(2). A
defendant's answer is due to be filed with the trial court "on or before 10:00 a.m. on the Monday next
after the expiration of twenty days after the date of service thereof." Tex. R. Civ. P. 99(b). 

 The State perfected service on Tammy Thursday, June 30, 2005. The twentieth day
following that date of service was Wednesday, July 20, 2005, which made Monday, July 25, 2005,
the due date for Tammy's answer. The trial court awarded a default judgment Friday, July 22,
2005--before the expiration of Tammy's Monday, July 25, answer deadline. Moreover, the earliest
date on which the trial court could have awarded a default judgment against Tammy (4) was actually
much later in this case, because the State did not file its proof of service on Tammy until Wednesday,
August 3, 2005. Thus, Rule 107 of the Texas Rules of Civil Procedure forbade the taking of a
default judgment against Tammy until Monday, August 15, 2005, as the tenth day after the filing of
the proof of service on Tammy fell on a Saturday. See Tex. R. Civ. P. 4 (computation of time when
deadline falls on Saturday); Tex. R. Civ. P. 107 (requiring proof of service to be on file ten days
before default judgment can be taken); and Tex. R. Civ. Proc. 239 (requiring proof of service of
citation to be on file for ten days before default judgment can be taken in case wherein defendant
failed to file answer). The default judgment was, therefore, taken prematurely, in violation of the
Texas Rules of Civil Procedure. Cf. Sublett v. Black, 617 S.W.2d 754, 756 (Tex. Civ.
App.--Houston [14th Dist.] 1981, writ dism'd) (default judgment premature before defendant
required to answer or before return of citation had been on file the required length of time). We
sustain this point of error as well.

 Having sustained the above points of error, we must vacate the judgment of the trial court
and dismiss the State's cause of action. Therefore, we do not address Tammy's remaining points of
error. (5)

 

 For the reasons stated, we vacate the trial court's judgment and dismiss the State's cause of
action with prejudice.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: October 10, 2006

Date Decided: December 12, 2006


1. To avoid confusion, we will refer to the real party in interest as "Tammy," and we will refer
to Tammy's then-husband, Charles Rogers, as "Charles."
2. The State's brief in this case was originally due April 17, 2006. The State, after requesting
four extensions of time to prepare and file its brief, failed to submit its brief by this Court's deadline
of August 16, 2006. Subsequently, after additional efforts by this Court's clerk's office to contact
the State, the State nonetheless failed to submit any responsive briefing in this matter. 
3. In her motion, Tammy argued that the original service was defective, that her failure to file
a timely answer was accidental and the product of improper coercion by the attorney representing
the State, and that the trial court's jurisdiction over the vehicle at issue was superseded by the
pendency of a divorce proceeding. 
4. The "green card" reflecting attempted service on Charles affirmatively shows that it was
signed only by Tammy and that there was, therefore, inadequate service on Charles. See Tex. R.
Civ. P. 107; Sw. Sec. Servs. v. Gamboa, 172 S.W.3d 90, 92 (Tex. App.--El Paso 2005, no pet.). 
Charles filed his original answer to the State's petition for forfeiture September 12, 2005, well after
the default judgment had been rendered. Charles does not appeal, but the title to the truck is in
Tammy's name.
5. In her third point of error, Tammy contends the record fails to show affirmatively that the
State strictly complied with the requirements for the issuance, service, and return of citation under
Rule 99 of the Texas Rules of Civil Procedure, in that the citation failed to include several necessary
elements. In her final issue, Tammy contends she was denied due process of law because the trial
court signed a default judgment in the State's favor before the deadline for the filing of her answer
had expired. 


ith appellate jurisdiction. See Tex. Code Crim.
Proc. Ann. art. 55.02, § 3; Tex. Gov't Code Ann. § 411.081. Therefore, this Court's
jurisdiction over this appeal, if any, must be based on the general constitutional grant as
restricted by the Legislature.
          The general appellate jurisdiction of courts of appeals is limited to cases where the
amount in controversy or the judgment rendered exceeds $100.00, exclusive of interest
and costs. Tex. Civ. Prac. & Rem. Code Ann. § 51.012 (Vernon 1997); Tex. Gov't Code
Ann. § 22.220(a) (Vernon 2004). Here, the only "amounts" involved are the filing fees,
which by statute cannot be used to satisfy the amount in controversy requirement. Tex.
Civ. Prac. & Rem. Code Ann. § 51.012; Tex. Gov't Code Ann. § 22.220(a).
          Bergin contends that filing fees may be used to establish the amount in controversy,
citing Tune, 23 S.W.3d 358. In Tune, the appellant was denied a concealed handgun
license and challenged the denial on appeal. The Texas Supreme Court held the statutory
$140.00 fee for a concealed handgun license was sufficient to establish the minimum value
of the license. The court held that, because the licensing fee exceeded $100.00, the
amount in controversy threshold had been met. Id. at 362. 
          However, Tune involved licensing fees paid to the Texas Department of Public
Safety, not filing fees paid to the clerk of a court. Id. The Tune decision did not abrogate
the statutory prohibition against utilizing court costs to satisfy the amount in controversy
requirement. 
          We are not allowed to consider filing fees or other court costs to establish the
amount in controversy. The record does not otherwise establish that the amount in
controversy in this appeal exceeds $100.00. 
          Accordingly, we dismiss the appeal for want of jurisdiction.
 

                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      August 10, 2006
Date Decided:         August 25, 2006